The second count was framed on the act of 1796, which enacts that if any person shall remove, or knowingly assist to remove any debtor out of the county in which he shall have resided for the space of six months or more, who shall not have advertised his intention of removal and obtained a certificate of his having so advertised, then such person so removing or assisting to remove shall be liable for all the debts of the person removed in the county from which he removed. The act further provides that the said debts may be recovered by an action on the case, to be brought within twelve months.
By an act of the Legislature, passed in 1820 (subsequently to the commencement of this suit), the act of 1796 was repealed, and it was enacted that if any person or persons shall remove or shall aid and assist in removing, any debtor or debtors out of any county (175) in which he, she, or they shall have resided for the space of six months or more, with an intent by such removing, aiding or assisting to delay, hinder, or defraud the creditors of such debtor or debtors, or any of them, then the person so removing, aiding or assisting, shall be liable to pay all debts which the removed person justly owed in the county from which he removed, to be recovered by an action on the case brought within three years from the time of the removal.
On the trial below the plaintiff proved that Robert Sherrod was indebted to him in the sum named in the first count of the declaration; that at the time the obligation of said Robert became payable he had concealed himself for the purpose of avoiding his creditors; that John Sherrod acknowledged to several witnesses that he had fitted up a horse and cart to convey away Robert Sherrod's family from the State, and that he had furnished said Robert with money to enable him to remove; that he executed a conveyance of the horse and cart and certain negroes to the children of Robert Sherrod previous to the departure of Robert's family; that the cart, together with the family of Robert and the negroes conveyed, set out on their journey from the house of Robert in the night; that John Sherrod expressed apprehension from having been seen with the cart at the time it started; that on one of the witnesses who drew the conveyance before alluded to and to whom he acknowledged his having furnished Robert with money and the horse and cart, he enjoined secrecy, saying that Robert was in debt and lying concealed, and he did not wish his creditors to know it. It was also proved that Robert did remove out of the State and had not returned.
The presiding judge declined giving any opinion on the second count, but charged the jury that if they thought the first count was proved to *Page 98 
them that he was of opinion that the law would support a verdict rendered thereon; that the quantum of damages was for them, (176) not for him; that they might, if they thought proper, give the debt and interest. The jury found a verdict for the plaintiff on the first count. A rule to show cause was obtained by defendant, and afterwards discharged by the court, and from the judgment rendered according to the verdict defendant appealed to this court.
I think the first count on which the jury have rendered a verdict cannot be sustained. The plaintiff states that the defendant's testator fraudulently, etc., aided and assisted the plaintiff's debtor to abscond. This he might have done, but it is not shown that it was on that account that the debt was lost; it might have been that the debtor was insolvent and would not have paid the debt if he had remained. The single act of assisting the debtor to remove without stating more is not sufficient to render a person liable for a debt due by the person removed, although that assistance may have been given with a fraudulent intent.
It must be remembered that this is a count at common law. Indeed, if this action could be supported it would have been unnecessary to have passed the act of 1820, ch. 1063. That act subjects any person to the payment of the debts of any other person whom they shall remove, provided they shall remove them with an intention of defrauding their creditors. I therefore think the action cannot be supported upon the count at common law, on which a verdict has been found for the plaintiff, and that the rule for a new trial should be made absolute.