Tasker *v.* Moss *et al.*

———————◆———————

No. 8789.

TASKER *v.* MOSS ET AL.

FRAUDULENT CONVEYANCE.—*Action against Grantee.*—A creditor who has no lien upon the property of his debtor can not maintain an action against a person who has accepted a conveyance of the property, for the

Tasker *v.* Moss *et al.*

purpose of defrauding the creditor, and who has conveyed the property to another at the instance and for the benefit of the debtor, without retaining any portion of it, or receiving any benefit from it.

From the Steuben Circuit Court.

*R. W. McBride*, for appellant.

*D. R. Best*, —— *Powers*, *J. A. Woodhull* and *W. G. Croxton*, for appellees.

BEST, C.—The appellees Samuel A. Moss and Warren Moss alleged substantially in their complaint, that Thomas Tasker, who was also made a party, on the 20th day of July, 1878, was the equitable owner of forty acres of land in Steuben county, Indiana, which he held by virtue of a certificate issued to him by the auditor of said county; that, at that time, he had no other property subject to execution, and since that time he has remained insolvent; that before that time he was indebted to the appellees upon a note on which they had recovered a judgment against him before a justice of the peace, for $147.18; that on said day said Tasker, for the purpose of cheating and defrauding the appellees out of their claim, transferred said certificate, without consideration, to the appellant, who had full notice of Thomas Tasker's intention, and who accepted said assignment for the purpose of aiding him in consummating such fraud; that said Thomas had paid $1,200 upon said land, had made improvements upon, was in possession of it and continued in possession of it until January 8th, 1879, when the appellant, at the instance of Thomas and for his benefit, transferred said certificate to one Eli Miller, who purchased said land for full value and without notice of appellees' claim, all of which was done by said Thomas and the appellant, to defraud the appellees out of their claim, and by reason thereof they have lost the same.

Thomas made default, and the appellant demurred to the complaint for the want of facts, but his demurrer was overruled, and he excepted. An issue was formed, a trial had, and, over a motion for a new trial, judgment was rendered against the appellant for $174.52.

The appellant assigns as error the order of the court in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

Both assignments present the same question. The evidence is in the record, and it shows that Thomas, on the 8th of January, 1879, exchanged the land in question for eighty acres of land in Nebraska, which Miller then conveyed to him, and that appellant, at the same time, at the instance of Thomas, transferred the certificate to Miller, without receiving anything himself. All other averments are proved as made. Under these circumstances, is the appellant liable to the appellees? This action was not commenced until the 6th of March, 1879, and as the appellees had acquired no lien upon or interest in the land so transferred, we are of opinion that they can not maintain this action against the appellant.

At the time this action was commenced the appellant did not even hold the certificate, and, therefore, there was no ground upon which to charge him as a trustee. Bump Fraudulent Conveyances, p. 589.

The ground of the appellant's alleged liability was his collusion with the debtor in transferring property that might have been subjected to the payment of the appellee's debt. This, however, under the circumstances stated, created no liability.

Bump on Fraud. Convey., p. 515, thus states the rule: " If a fraudulent disposition has actually been made by the debtor of his property, a creditor can not, in the absence of special legislation, bring an action in assumpsit, or on the case, against those who combined and colluded with him. Assumpsit will not lie, for there is neither an express promise nor a privity from which the law will imply a promise to pay the debt of the creditor. An action on the case can not be supported because the damages are too contingent and remote. As a creditor has no special title in or to the property of the debtor, the only proof of loss or injury which he could make

would be that the debtor had fraudulently conveyed it away without receiving any value for it with the intent to avoid the payment of his demand, and that he had no other means of obtaining payment. Upon such proof he would not be entitled to recover the amount of his debt, for that would still be subsisting, and might yet be collected. Nor would he be entitled to recover the value of the property conveyed, for to that he has no better claim than other creditors. The only loss or injury which could be shown would be that he has been deprived of the chance or possibility of obtaining payment from that property. The loss would not even be so great as this, for he might still have a chance of reaching the property or its proceeds in the hands of the fraudulent holder. The value of his chance to secure it and have it applied to the payment of his debt while in the hands of the debtor is all that he has lost and would be the only basis upon which a jury would be authorized to estimate his damages. There are no data, tables, or other means by which such a chance can be estimated. The loss or injury is too uncertain and remote for legal estimation. The action can only be maintained by proof of a direct, certain, and material injury. If the creditor, however, has a lien upon the property which has been defeated by the transfer, his damages are sufficiently direct to sustain the action." See also *Lamb* v. *Stone,* 11 Pick. 527; *Wellington* v. *Small,* 3 Cush. 145.

This rule of law is well supported by authority, and as the facts averred and proved bring the case clearly within the rule, it follows that the action can not be maintained.

For these reasons the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to sustain the demurrer to the complaint.