MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. DATA WOOD.

Decided June 5, 1901.

**1.—Carriers—Damage to Baggage.**

Where, in an action against a carrier for damages to baggage, the jury could not under the evidence separate any damage done thereto before its delivery to the carrier from that which might have occurred afterward, defendant was entitled to a verdict, if it appeared that the articles had not been delivered to it in good condition, and in such case it would not have been proper to give a charge which contemplated a separation of the damages.

**2.—Argument of Counsel—Reversible Error.**

Where the evidence showed that defendant's agent, who was also one of its material witnesses, had merely inquired of plaintiff's witnesses what they knew about whether plaintiff's trunks had been delivered to defendant carrier wet or dry, it was reversible error for the court to pointedly refuse to restrain plaintiff's counsel from stating to the jury that such agent had attempted to "fix the witnesses."

Appeal from the County Court of Hill.  Tried below before Hon. S. C. Hill.

*Spell & Phillips,* for appellant.

JAMES, CHIEF JUSTICE.—Having considered the several assignments, we come to the conclusion that no error exists in the record, unless it be in regard to the measure of damages, and in the alleged improper argument of appellee's counsel. To these matters we confine this opinion.

The effect of plaintiff's testimony was that the articles of wearing apparel referred to in the first assignment of error had no market value. Her testimony in this respect was uncontradicted. The court, therefore, properly proceeding upon this theory in directing how the damages in such a case might be ascertained. The court evidently endeavored to apply the rule stated in Railway v. Nichols, 61 Texas, 550, though

probably the statement of the rule in the charge is not as full and guarded as it is given in that opinion.

The court charged the jury to find for defendant if the articles had been delivered to the railway company in good condition. This charge was strictly correct, under the testimony. The jury were unable from the evidence before them to separate any damage done the articles before delivery from that which might have occurred after delivery, consequently defendant was entitled to a verdict if it appeared that the articles had been delivered to it in good condition; and it would not have been proper to give charges which contemplated a separation of the damages.

The third and fourth assignments of error must be sustained. The court permitted plaintiff's counsel, in his argument to the jury, over objection of defendant, to charge defendant's station agent, who was a material witness, with trying to fix plaintiff's witnesses. The evidence shows that this witness had done no more than to inquire what they knew about the delivery of the trunks; as to whether they were delivered wet or dry. The court refused to restrain counsel in these remarks, and intimated that they were admissible under the evidence by saying in the presence and hearing of the jury that he would "permit counsel to make the statement, and would not give the defendant a bill of exceptions, because some of the witnesses had testified that this witness Brashear had talked to witnesses." It would be strange, indeed, that when a person inquires of witnesses what the facts of a case are, or what they knew of the case, he has exposed himself to the charge of trying to fix the witnesses. The testimony of Brashear was material, also the testimony of the witnesses he spoke to. The remarks were wholly unwarranted, and by the action of the court were calculated to prejudice the jury against defendant's cause, and plaintiff can not be justly allowed to hold a judgment obtained under the circumstances.

*Reversed and remanded.*