## L. M. SAWYER ET AL. v. J. F. WIESER & Co.

### Decided November 30, 1904.

**1.—Venue—Plea of Privilege.**

Defendants residing in different counties, jointly charged with cooperating to defraud plaintiff, may be sued in the county of the residence of either defendant.

**2.—Fraud—Pleading.**

Petition considered and held to sufficiently allege facts showing the liability of defendants for combining to defraud plaintiffs.

**3.—Garnishment—Res Adjudicata.**

Parties claiming rights in a fund sought to be taken under garnishment by a third party against the person holding it were not bound by the judgment subjecting it to such garnishment, where, though sought to be made parties to the proceeding, they plead their privilege to be sued in the county of their residence, and such plea was sustained.

**4.—Res Adjudicata—Suit by Assignee.**

Where an assignee for the benefit of creditors recovered judgment establishing his right as such assignee to property against a third party claiming the same, the judgment was conclusive of the rights of the creditors whom he represented to the property in question as against the defendants from whom such assignee recovered it, though the creditors were not parties to the suit except as represented by such assignee.

Appeal from the County Court of Hamilton. Tried below before Hon. J. W. Warren.

*Davis & Cooke* and *A. R. Eidson*, for appellant.—Merely to charge defendants residing in other Counties with participation in a fraud or conspiracy with a resident defendant, by vague general averments, without setting out the facts predicating the charge, will not justify the court in overrulling a plea of privilege filed in due time by the nonresident defendants. Rev. Stat., art. 1194; McLaughlin v. Shannon, 3 Texas Civ. App., 137. Also the authorities cited under the next succeeding proposition.

It is not sufficient to constitute a cause of action, merely to allege that defendants "fraudulently and corruptly conspired" to do certain acts otherwise legal, or did such acts in pursuance of a "fraudulent and corrupt conspiracy," since such allegations are mere conclusions of law; but the petition must allege facts sufficient to show either that the act accomplished or thing done in pursuance of such conspiracy was in itself actionable or that unlawful means were used to accomplish the end in view. Delz v. Winfree, 80 Texas, 404; International & G. N. Ry. Co. v. Greenwood, 2 Texas Civ. App., 81; Olive v. Van patten, 7 Texas Civ. App., 630; Wells v. Houston, 23 Texas Civ. App., 645; 9 Enc. Pl. and Pr., 686-7-8 and cases cited; Townes Texas Pleading, 266-270; Brown v. Mortgage Co., 4 Texas Law Journal, 760.

A general demurrer admits only facts well pleaded, or such facts as may be reasonably inferred from the facts stated, and does not admit mere conclusions of law or vague general averments or epithets applied to facts or acts. Towne's Texas Pleading, 266-270; Dennison v. League,

16 Texas, 400; Catlin v. Glover, 4 Texas, 152; Roy v. Bremond, 22 Texas, 632; Hendrix v. Nunn, 46 Texas, 141; 9 Enc. Pl. and Pr., 668; Fleming v. Seeligson, 57 Texas, 531; Holman v. Criswell, 13 Texas, 44; Austin v. Talk, 20 Texas, 165. Also notes in 34 Am. St. Rep., 301, and 39 Am. St. Rep., 696.

Where trustee named in deed of trust upon chattels, executed for purpose of securing certain preferred creditors residing in various counties, after reducing the trust funds into possession, is garnisheed by a judgment creditor of the maker of such trust deed, in a county other than the residence of any of said beneficiaries and there files his answer in the court from which garnishment issued, impleading all of said beneficiaries that they might protect their rights in the fund garnisheed, and such beneficiaries refuse to submit to the jurisdiction of the court, each asserting his right to be only sued in the county of his own residence, and such plea of privilege is, over objection of such trustee and garnishing creditor, sustained by the court, and, after judgment is rendered against the trustee in such garnishment cause, said beneficiaries by motion attempt to intervene and set such judgment aside, which motion is overruled, the judgment so rendered as to all issues involved in same, will, until set aside, conclude such beneficiaries in any subsequent suit against the trustee or the garnishing creditor. McGrady v. Monks, 1 Texas Civ. App., 613; Murray v. Land, 27 Texas, 90; Bordages v. Higgins, 1 Texas Civ. App., 50. Upon right to interplead beneficiaries: 1 Sayles Texas Practice, sec. 203; Williams v. Wright, 20 Texas, 499; Iglehart v. Moore, 21 Texas, 504; Arthur v. Batte, 42 Texas, 160; Legg v. McNeill, 2 Texas, 431; Dobbin v. Wybrants, 3 Texas, 457; Westmoreland v. Miller, 8 Texas, 169; Kelly Grain Co. v. English, 34 S. W. Rep., 651; Smith v. Texas, etc., Ry., 39 S. W. Rep., 696; Alamo Ice Co. v. Yancey, 66 Texas, 188.

Neither the beneficiaries nor the maker of a preferential trust deed conveying a stock of goods to a trustee and providing that he should take charge of said goods, etc., and dispose of same for purpose of paying the creditors named therein, are necessary parties to a garnishment proceeding instituted by a judgment creditor of the maker, asserting the invalidity of the trust deed and priority of payment out of funds by reason of garnishment. Harrison v. Hawley, 7 Texas Civ. App., 313; Ebel v. Bursinger, 70 Texas, 120; Preston v. Carter, 80 Texas, 388; Bank of C. v. Marshall, 1 Texas Civ. App., 712.

Cooper & Co. having the legal right to have issued and served upon Sawyer, in McLennan County, the writs of garnishment shown in evidence, and said Sawyer having the legal right to answer said writs in McLennan County, such action by them whether the result of individual acts or of a conspiracy between them could not be actionable, no matter what was their intention, and the court should have so charged. Delz v. Winfree, 80 Texas, 404, 26 Am. St. Rep., 755; International & G. N. R. Co. v. Greenwood, 2 Texas Civ. App., 81; Olive v. Van Patten, 7 Texas Civ. App., 630. See notes in 34 Am. St. Rep., 301, and 39 Am. St. Rep., 696.

*J. Van Steenwyk,* for appellee.—Suit against several defendants can

be maintained in the county of the residence of anyone of them. Rev. Stats. art. 1194, div. 4; Dublin Cotton Oil Co. v. Robinson, 50 S. W. Rep., 1054; Cobb v. Barber, 92 Texas, 309.

On general demurrer every reasonable intendment will be indulged in favor of the pleading excepted to, and where a good cause of action is shown such demurrers will not reach any formal defect. Rule 17, of District Court Rules; Stone v. Day, 69 Texas, 18; Wynne v. State National Bank, 82 Texas, 382; International & G. N. Ry. Co. v. Hinzee, 82 Texas, 627; Warner v. Bailey, 7 Texas, 517.

The wrongful use of legal process is an actionable tort, and a pleading showing that such process was so issued and served at the instance of the defendants and injury resulted to the plaintiff by reason thereof, sufficiently states a cause of action. Stone v. Day, 69 Texas, 18.

A trustee is required to exercise absolute good faith in all transactions had on the part of the beneficiaries in the trust, and any deviation therefrom, when injury is shown to have resulted, is actionable, and neither the trustee nor those who knowingly act with him will be allowed to profit by his wrong. McKellar v. Peck, 39 Texas, 385; 27 Am. and Eng. Enc. of Law, 191-223, and authority cited under note 2.

The judgment for a wrongful attachment of a stock of goods in the hands of a trustee, for the benefit of creditors cannot be again attached or garnisheed for the benefit of the defendant; for the wrongful attachment suit is an attempt to recover the same debt as the original wrongful attachment was sued out to recover. Pace v. Smith, 57 Texas, 555.

Any act between two persons, apparently in a hostile position, and having conflicting interests whereby they arrange to do some act to injure a third person, anything employing the forms of law, in an apparently lawful manner, is fraudulent and neither will be allowed to benefit thereby. Carey v. Houston & T. C. R. Co., 52 Fed. Rep., 675.

A former judgment is not conclusive as to collateral issues or any matter which must be inferred from it, and the rule of res judicata has no application in a second suit involving different questions. Nichols v. Dibrell, 61 Texas, 541; James v. James, 81 Texas, 381; Oldham v. McIver, 49 Texas, 572; Philipowski v. Spencer, 63 Texas, 607.

The process of the courts of this State can not be used for the purpose of indirectly overriding their own judgment, and any proceeding instituted with such intent is wholly void.

Two persons conspire together to defeat the collection of a lawful judgment obtained by a third person against one of them and in accordance with such combination to perform acts, which though apparently legal are committed with the fraudulent intent to injure, and to defeat the collection of the judgment: such acts constitute actual fraud and an action will lie for the damages resulting, to such third party. Adams v. Paige, 7 Pick., 542; Findlay v. McAllister, 113 U. S., 104.

A conspiracy whereby a judgment debtor attempts to deprive his judgment creditor from obtaining the satisfaction of his judgment, entered into by a collusive agreement with the nominal plaintiff, who stands in a position of trust with regard to the funds, is an actionable tort, though apparently legal means are pursued in so doing.

An agreement between two or more persons to defraud another of

his rights and property, under the forms of law, when executed, is an actionable tort, and neither of the fraudulent parties will be allowed to profit thereby. Stone v. Day, 69 Texas, 18; Delz v. Winfree, 80 Texas, 404; 8 Am. & Eng. Enc. of Law (2d ed.), 226, note 1. (6 id.), 212, and note 1.

FISHER, CHIEF JUSTICE.—This is a suit by Wieser & Co. against L. M. Sawyer and M. A. Cooper & Co., naming the members of the firm, and the Provident National Bank. The bank is no longer a party, as it was dismissed from the case. The purpose of the suit was to hold Sawyer and Cooper & Co. for the sum of $300, which the petition alleged the appellants by a fradulent conspiracy had deprived them of. It is averred that Wieser & Co., among others, were preferred creditors in a deed of trust executed by one J. E. Kline, wherein the appellant Sawyer was named as trustee, and that the stock of goods, wares and merchandise of Kline was transferred to Sawyer for the benefit of the appellee and the other preferred creditors; that after this deed of trust had been executed and the goods delivered to Sawyer, Cooper & Co. by attachment process seized and levied upon the goods, and that Cooper & Co. claimed at the time to be creditors of Kline; that the goods were appropriated by Cooper & Co. under the attachment process, and thereafter Sawyer, for the benefit of the appellees, Wieser & Co., and the other preferred creditors, brought suit in the District Court of Hamilton County against Cooper & Co. and the members of the firm for the value of the goods so appropriated by them, and recovered a judgment against them for the sum of $1700, with interest thereon at the rate of 6 percent per annum from the 10th day of December, 1895; that said judgment was appealed from by Cooper & Co., and was affirmed; that thereafter the appellants, Sawyer and Cooper & Co., fraudulently conspired together for the purpose of defeating the purposes of the judgment and the rights of the plaintiff therein, and that in accordance with such fraudulent and corrupt conspiracy, Sawyer, at the request of Cooper & Co., went to the City of Waco and received from Cooper & Co. payment of the judgment before recovered against them, and that in furtherance of the conspiracy a garnishment process was sued out by Cooper & Co. against Sawyer, claiming that he was indebted, or had property or effects in his hands belonging to Kline; and that in furtherance of the conspiracy and the purpose to defraud the plaintiffs, the attorneys of Sawyer were allowed to prepare his answer in the garnishment suit, which answer, it is alleged was favorable to Cooper & Co., and one of the purposes of the conspiracy was to bring the garnishment suit in Waco, in a county other than the residence of Sawyer and the plaintiffs, which was Hamilton County, for the purpose of requiring the plaintiff and the other preferred creditors to go away from their home and to journey to McLennan County, in order to litigate whatever rights they might have to the fund garnisheed; that defendants Sawyer and Cooper fraudulently caused the judgment in the District Court of Hamilton County previously recovered against Cooper to be declared satisfied; that the plaintiffs demanded of Sawyer their pro rata share of the amount claimed to have been paid him by Cooper under the judgment in the District Court of Hamilton

County in accordance with the terms of that judgment and the deed of trust; that Sawyer is insolvent and that a judgment against him would be worthless; that thereafter the plaintiff with other preferred creditors was cited to appear in the District Court of McLennan County, where the garnishment proceedings were then pending, in which court the plaintiff, with the other preferred creditors presented a plea of privilege to be sued in Hamilton County, the county of their residence, which plea the District Court of McLennan County sustained. Plaintiffs' petition then concludes with a prayer that they have judgment for their debt, that is, the sum of $300 with interest; and we understand this to mean that the purpose and object of the plaintiffs' case was merely to recover the proportion of a sum, which, as preferred creditors under the deed of trust, they were entitled to, by reason of the judgment of Sawyer against Cooper & Co., which amount had been paid by Cooper & Co. to Sawyer, but which by reason of conspiracy alleged between Sawyer and Cooper & Co., the effect was to defeat the plaintiffs' claim, and the other preferred creditors under the deed of trust.

The defendant pleaded the judgment rendered by the District Court of McLennan County in the garnishment suit as res adjudicata, and also Cooper & Co. pleaded their privilege to be sued in McLennan County, the county of their residence. And they also presented other issues by their answer, which are not necessary to be noticed in detail.

It appears from the evidence in the record that Sawyer's residence was in Hamilton County, and that Cooper & Co. resided in McLennan County. Both being joined as defendants, and being jointly responsible for the same act, suit was properly brought by the appellees in Hamilton County, the residence of Sawyer. One of the defendants residing there fixed the venue there as to the remaining defendants.

Demurrers were addressed to the petition upon the ground that the acts of fraud were not sufficiently and definitely stated. These demurrers were overruled. We are of the opinion that the averments were sufficient; and we are also of the opinion that if the facts alleged were true, in view of the law to be subsequently discussed, they constituted a fraud upon the rights of the appellees and the other preferred creditors, who are protected by and had previously recovered the judgment against Cooper & Co.

The assignments of error that contend that the garnishment proceeding in McLennan County was res adjudicata, and was final as to the rights of the appellees, are overruled. The appellees, although given the opportunity to appear in that case, were not concluded by the judgment rendered. They asserted their privilege to be sued in the county of their residence, and not McLennan County, and the trial court in the garnishment case sustained this plea of privilege. At the time that that judgment was rendered they were not a party to the case, and their rights were not presented nor litigated.

Other questions are raised in the brief by various assignments of errors, but it is unnecessary that we should discuss them in detail, in view of the conclusion we have reached on the facts of the case, when construed in connection with the opinion heretofore rendered by this court in Cooper & Co. v. Sawyer, 31 Texas Civ. App., 620. The judg-

ment there rendered by us affirming the judgment of the District Court is final; and if we are correct in the views to be expressed, the trial court in disposing of this case should have peremptorily instructed a verdict in favor of the appellees. We there held that the suit instituted by Sawyer, as trustee against Cooper & Co., for the value of the property that they had appropriated by virtue of the attachment process, was practically and in effect a suit for the benefit of the appellees and other accepting creditors of Kline. In that case Sawyer recovered a judgment which was for the benefit of the appellees and the other accepting creditors, and the practical effect of it was to establish the right of the appellees and such other creditors to a superior right in the judgment against Cooper & Co., and the proceeds that might thereafter be paid to Sawyer by Cooper & Co. in discharge of that judgment. The judgment does not in terms declare that this was its effect, but this is the effect that the law will give to it, when construed in connection with the opinion cited.

In that case the defendant alleged that the debts mentioned in the deed of trust were fictitious and fraudulent, and that the deed of trust was executed to hinder, delay and defraud the creditors of Kline and his father, J. K. P. Kline, who had formerly owned the stock of goods; that the trustee had not taken possession of the goods when the writ was levied, and that none of the creditors had accepted under the deed of trust before the levy of the writ. This was the plea of Cooper & Co., and we said, "that the verdict of the jury settled all of these issues against the defendant, and that a careful examination of the statement of facts convinces us that there was evidence to sustain the finding of the jury upon each of these issues." Cooper & Co. pleaded these defenses against the action of Sawyer, which was for the benefit of the appellees and the other accepting creditors, in bar of their right to recover. The issues were presented and passed upon, and as against Cooper & Co., the verdict and judgment rendered in that case definitely settled the questions as to the deed of trust not being fraudulent and that the goods were in possession of the trustee when levied upon by the attachment process, and that the creditors, among whom were the appellees in this case, had accepted the terms of the deed of trust before the levy of the writ. And we refused, upon the appeal of Cooper & Co. to disturb the verdict, either in the amount or upon any of the grounds urged in their assignments of errors. The effect of this judgment was to establish in Sawyer the legal title in trust for the appellees in this case, and the other preferred creditors, to the sum that Cooper & Co. subsequently paid in satisfaction and discharge of this judgment. And they knew, and so did Sawyer, that when they sued out the garnishment process on the theory that the money paid in discharge of this judgment was the property of Kline, that such assertion was fictitious, and that if the effort to acquire the fund would be successful, it would practically amount to a legal fraud upon the rights of the appellees and the other preferred creditors. The appellees and those creditors were not parties to the case when that judgment was rendered, and it was the duty of Sawyer, as the trustee, to plead and assert the true facts with reference to their rights, and urge them in the trial court; but it

does not appear from the evidence in the record that the full nature of the rights of the appellees and the other preferred creditors was made known to the trial court in the garnishment proceedings, and that it passed upon that question.  Cooper & Co., by virtue of the previous judgment that had been rendered against them in the District Court of Hamilton County, were precluded in the garnishment proceeding from assailing the validity of the deed of trust executed by Kline for the benefit of the appellees on the ground of fraud and that the beneficiaries there named had not accepted its terms.  These matters were adjudicated against Cooper & Co. in that judgment; and we are constrained to the opinion that if Sawyer and Cooper & Co. had made known to the trial court in the garnishment proceeding, and developed this branch of the case, and the rights of the appellees thereunder, that that court would not have held the fund garnisheed as the property of Kline & Co. and subjected it to the debt of Cooper & Co.

We find no error in the record and the judgment is affirmed.

*Affirmed.*