JOHN A. PRATT AND EMMA W. PRATT v. INTERSTATE SAVINGS & TRUST COMPANY.

Decided November 3, 1909.

**1.—Citation in Error—Service on Attorney.**

A citation in error which directed the officer to serve same upon the defendant in error in person did not authorize service on the attorney of record, and service so made was insufficient though, the defendant in error being a foreign corporation, as shown by the record, a citation commanding service on his attorney of record was authorized and such service would then have been sufficient.

**2.—Practice on Appeal—Dismissal of Writ of Error.**

Where the service of citation in error is found insufficient, it is proper to dismiss the writ of error, but not the petition in error, leaving the plaintiff free to perfect service if he desires.

Motion to dismiss writ of error from the District Court of Taylor County.

*King & Isaacs,* for motion to dismiss.

*A. H. Kirby,* for plaintiff in error.

ON MOTION TO DISMISS WRIT OF ERROR.

RICE, ASSOCIATE JUSTICE.—This is a motion by the defendant in error to dismiss the writ of error herein. The service in this case of the writ of error was made upon the attorney of the defendant in error, and no service whatever was made upon the defendant in error, nor has it in any manner accepted service of said petition in error. It appears, both from the petition for writ of error and from the petition in the lower court that the defendant in error was a nonresident corporation. The citation in error in this case commanded the sheriff to serve the same upon the defendant in error, and no direction whatever was made therein to serve the same upon its attorney of record, as was in fact done by the sheriff.

Among other requisites of a citation in error it is required that it shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside, and shall command him forthwith to summon the defendant to appear and defend such writ, etc.

(Rev. Stats., art. 1394.)    Ordinarily, service of such writ shall be made by delivering to the defendant in error in person a true copy of such citation by the officer.    Article 1398 of the Revised Statutes prescribes that if it appears from the allegations in the papers of the cause that the party is a nonresident of the State, or if it appears from the return of the sheriff or constable that the party can not be found in the county of his residence, the citation shall direct the officer to summon the defendant by making service on his attorney of record if there be one.

Defendant in error has moved to quash the service and dismiss the writ of error, for several reasons, amongst others, because said citation in error so issued by the clerk was not by the sheriff serving the same served on the party who by its terms he was commanded to serve; second, because said citation commanded the sheriff to serve the Interstate Savings & Trust Company (defendant in error), and his return on said process shows that he served Harry Tom King (who it appears from the papers, was its attorney of record); and, third, because the record in this case fails to show that defendant in error was properly cited to appear and defend the writ of error.

We think the motion is well taken and should be sustained.    The citation in error was formal, and such as prescribed by art. 1394 of the Revised Civil Statutes, and such as is contemplated when the defendant in the writ is a resident of the county to which the same is directed; but where it appears from the papers of the cause that the party is a nonresident; or if from the return of the sheriff it appears that the defendant can not be found in the county of his residence, then the citation shall direct the officer to summon defendant by making service on his attorney of record, if there be one. These are the only contingencies authorizing service upon the attorney.    So that the writ in this case did not in fact direct the sheriff to summon defendant by serving the same upon its attorney of record.    Such being the case, the officer was not authorized to serve the writ upon the attorney, and such service was insufficient to give jurisdiction over the defendant in error, for which reason the motion to dismiss is well taken.    (See Rev. Stats.; art. 1398; Bradley's Procedure, p. 284; Thompson v. Thompson, 41 S. W., 679; McGuire v. Newbill, 54 Texas, 317; Scarborough v. Groesbeck, 25 S. W., 687; Oge v. Froboese, 63 S. W., 654; National Cereal Co. v. Earnest, 84 S. W., 1101; Aspley v. Olcott, 90 S. W., 885.)

We do not think, however, that we are justified in dismissing the petition in error, but simply hold that the attempted service was insufficient (Holloman v. Middleton, 23 Texas, 537), and dismiss and strike from the docket the writ of error, but without prejudice to plaintiff in errors' right to perfect service in accordance with law, if they should hereafter desire so to do, and it is so ordered.

*Writ of error dismissed.*