MIMS v. FOSTER et al. (No. 7386.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1915.)

APPEAL AND ERROR ☞407 — PERFECTION OF APPEAL—MODE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2092, provides that service of citation in error shall be made by delivering to the defendant or defendants in error in person a copy of the citation. Article 2095 provides that, if it appears from the return of the sheriff or constable that the party cannot be found in the county of his residence, the citation in error shall direct the officer to summon the defendant by making service on his attorney of record. Citation in error was served directly upon the attorney of record for defendants in error, but it did not appear from the return of the officer that he was unable to serve defendants. *Held* that, where defendants did not appear or waive service, the appellate court was without jurisdiction, and the writ must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2120, 2128–2132; Dec. Dig. ☞407.]

Error from Kaufman County Court; James A. Cooley, Judge.

Action between L. C. Mims and Jess Foster and others. There was a judgment for the latter, and the former brings error. Dismissed.

Ross Huffmaster and Wynne & Wynne, all of Kaufman, for plaintiff in error.

TALBOT, J. This cause must be stricken from the docket of this court. The record discloses that the defendants in error are three in number, namely, Jess Foster, P. C. Letcher, and E. F. Morrow, and that all of them reside in Kaufman county, Tex., where the judgment in the cause was rendered, and that a copy of the citation in error was served directly on their attorney of record, and does not show why service was not had upon the defendants in error themselves. Article 2092 of Vernon's Sayles' Civil Statutes prescribes that service of citation in error shall be made by delivering to the defendant in error, and, if more than one, then to each of them, in person, a true copy of the citation. In article 2095 of said statute it is provided that, if it appears from the allegations in the papers of the cause that the party is a nonresident of the state, or if it appears from the return of the sheriff or constable that the party cannot be found in the county of his residence, the citation shall direct the officer to summon the defendant by making service on his attorney of record, if there be one. It does not appear from any return of the sheriff or constable of Kaufman county, or otherwise, that an effort was made to secure service on defendants in error as required by law, and that they could not be found in said county. In this condition of the record it must be held that the service had of the citation in error upon the attorney of the defendants in error was unauthorized and insufficient, and, the defendants not having waived service nor appeared, this court has no jurisdiction. Adkins v. Forehand, 10 Tex. 270; Hughes v. Burleson, 10 Tex. 290; Oge et al. v. Froboese et al., 63 S. W. 654; National Cereal Co. v. Earnest, 84 S. W. 1101; Aspley v. Alcott, 90 S. W. 886. Again, the writ of error directs the sheriff to summon the defendants in error, and in such case there is no service if the writ is served on the attorney. McCloskey et al. v. McCoy, 89 S. W. 450.

It follows that the case must be stricken from the docket of this court; and it is so ordered.