**FIRST NAT. BANK OF KNOX CITY et al. v. LESTER et al. (No. 7124.)**

(Court of Civil Appeals of Texas. Galveston. Oct. 15, 1915. Rehearing Denied Oct. 28, 1915.)

1. APPEAL AND ERROR ⬉⟶424—WRIT OF ERROR--CITATION—STATUTE.

Under Rev. St. 1911, art. 2095, providing that if a party is a nonresident, or if it appears from the return that he cannot be found in the county of his residence, the citation in error shall direct service on his attorney of record, service upon a party's attorney of record, instead of upon the party who resided in the county where the case was tried, was invalid and did not confer jurisdiction upon the Court of Civil Appeals to pass upon the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2152–2154; Dec. Dig. ⬉⟶ 424.]

2. APPEAL AND ERROR ⬉⟶627—WRIT OF ERROR—CITATION—SERVICE.

Where judgment was rendered in the county court January 15, 1914, and an original citation in error was attempted to be served January 8, 1915, by delivering a copy to the defendant in error's attorney, and where defendant in error's motion for affirmance of the judgment below, made on June 17, 1915, was refused on the ground that service of the citation in error was invalid, and an alias citation in error was duly served, plaintiff in error's failure to file the record in the Court of Civil Appeals within three months after the original service which he believed to be regular was such laches as to require a dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. ⬉⟶627.]

Error from Harris County Court at Law; Clark C. Wren, Judge.

Action between the First National Bank of Knox City and others, and J. E. Lester and others. Judgment for Lester and others, and the bank and others bring error. Dismissed.

McMEANS, J. Defendants in error have filed a motion to dismiss the writ of error in this case on account of laches of the plaintiffs in error in filing the record in this court, and we are of the opinion that the motion should be sustained.

[1] The judgment from which the writ of error was prosecuted was rendered in the county court on the 15th day of January, 1914. The petition and bond for writ of error were filed in the trial court by plaintiffs in error on January 7, 1915, and citation in error was issued on the same day; and on the next day it was attempted to be served on the defendants in error, who were residents of Harris county, by delivering a copy of the citation to one of their attorneys of record. The defendants in error being residents of the county in which the case was tried, the service of citation upon their attorneys of record, instead of upon the defendants in error in person, was invalid, and did not confer jurisdiction upon this court to pass upon the appeal. Article 2095, Revis-

ed Statutes 1911; National Cereal Co. v. Earnest, 84 S. W. 1101; Oge v. Froboese, 63 S. W. 654; McCloskey v. McCoy, 89 S. W. 450.

[2] The records of the court show that on June 1, 1915, the defendants in error filed a motion for affirmance of the judgment of the court below, accompanied by a certificate for affirmance; but the motion, on June 17, 1915, was refused for the reason that the service of citation in error was invalid and that therefore this court had not acquired jurisdiction. Afterwards, on June 9, 1915, the plaintiffs in error procured the issuance of an alias citation in error, which was duly served, and thereafter, on the 22d day of June, 1915, filed the record in this court.

The attorney representing the plaintiffs in error, in his affidavit in opposition to the motion to dismiss, says that he did not know of the defective service of citation until June 17th, and that he then procured the issuance of the alias citation on June 19th, and had the same promptly and properly served, and urges his want of knowledge of the defective service as an excuse for the delay in filing the record. It seems to us that his want of knowledge accentuates the laches rather than excuses it.

The original citation was served on January 8, 1915. If it had been properly served, it would have been the duty of the plaintiff in error to file the record on appeal in this court not later than three months thereafter. Plaintiffs in error's counsel believed the citation had been properly served, but notwithstanding this he made no effort to file, and did not file, the record in this court within the time provided by law, but permitted the time to lapse; so that, had the citation been properly served, he would have lost his right of appeal by the delay. On June 1st the motion to affirm on certificate was filed by defendants in error in this court and a copy thereof was promptly served on plaintiffs in error's counsel, but counsel urged no opposition thereto; and it was not until this court refused to affirm on certificate on June 17th that counsel became aware of the defective service and the consequent want of jurisdiction in this court to pass upon the motion.

Had the counsel, believing that the service had been properly made, filed the record on appeal in this court within the time prescribed by law, and the appeal had then been dismissed for want of jurisdiction on account of the defective service, and had he then promptly sued out and caused to be properly served an alias citation, and brought the record to this court within the prescribed time, we think that a sufficient showing of diligence could have been made; but to allow the time to elapse within which the record could be filed in this court, believing, as he did, that the service was regular, and, not

knowing that it was not regular until more than two months after the time of filing had elapsed, seems to us to evidence such a want of diligence in prosecuting the writ of error as to require a dismissal of the appeal on motion of the parties adversely interested.

Dismissed.