## NORTH RIVER INS. CO. v. HIPSHER et al.
### (No. 6894.)

(Court of Civil Appeals of Texas. Austin.
Feb. 25, 1925.)

**1. Appeal and error ⬪⇒509—Where service of citation had upon attorneys, record must show that it is alias citation, and disclose reasons for failure of individual service.**

To perfect an appeal upon writ of error, showing service of notice of filing of petition for writ upon attorneys of record only, though petition alleges that defendants in error are residents of county, record must affirmatively show that citation in error served on attorneys was alias citation, and that previous citation had been issued for service on defendants in error in person and returned not served, giving reasons for such failure of service as required by Rev. St. art. 2095.

**2. Appeal and error ⬪⇒409—Strict compliance with statute as to service of citation necessary to confer jurisdiction.**

To confer jurisdiction of writ of error upon appellate court, strict compliance with Rev. St. art. 2095, with reference to service of citation upon proper persons, is mandatory, in view of articles 2090–2095.

Error from District Court, Coleman County; J. O. Woodward, Judge.

Action between the North River Insurance Company and George Hipsher and others, trustees. From the judgment the North River Insurance Company brings error. On motion to dismiss this writ. Cause stricken from docket without prejudice to refile.

See, also, 266 S. W. 821.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Critz & Woodward, of Coleman, for defendants in error.

BLAIR, J. [1] Defendants in error move to dismiss the writ of error for want of proper service of notice upon them of the filing of the petition for writ of error. The motion is sustained to the extent that the cause must be stricken from the docket without prejudice. The petition alleged the residence of defendants in error to be Coleman county, being the county where the cause was tried. Service of notice of the filing of the petition for writ of error was upon attorneys of record for defendants in error. No showing is made that the citation in error which was served on the attorneys was an alias citation; nor that a previous citation had been issued for service on defendants in error in person and returned not served, giving the reasons for such failure of service upon them, as required by article 2095, Revised Statutes, before service may be had upon the attorneys of record. The record must affirmatively show these facts to perfect an appeal upon writ of error, showing service of citation on the at-

torneys of record only. Rev. St. art. 2095; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Aspley v. Alcott (Tex. Civ. App.) 90 S. W. 886; Houston v. Darnell Lbr. Co. (Tex. Civ. App.) 135 S. W. 1065.

[2] A strict compliance with the provisions of article 2095, with reference to service of citation upon the proper persons to confer jurisdiction on the appellate court, is mandatory. Rev. St. arts. 2090–2095; National Cereal Co. v. Earnest (Tex. Civ. App.) 84 S. W. 1101; Mims v. Foster (Tex. Civ. App.) 177 S. W. 513; Webster v. Railway Co. (Tex. Civ. App.) 184 S. W. 295; Pratt v. Interstate Saving & Trust Co., 57 Tex. Civ. App. 354, 122 S. W. 281; Railway Co. v. M., K. & T. Ry. Co., 40 Tex. Civ. App. 296, 88 S. W. 413, 89 S. W. 276; Oge v. Froboese (Tex. Civ. App.) 63 S. W. 654.

The cause is stricken from the docket, with leave of plaintiff in error to withdraw the transcript and to again prosecute the cause, upon showing proper service of a citation in error.

Motion granted to extent stated in opinion.