MARY DANO, R. J. DANO AND ANTHONY GALETTI, APPELLANTS, v. DERBY SHARPE AND E. L. SHARPE, RESPONDENT.—152 S. W. (2d) 693.

Kansas City Court of Appeals. May 26, 1941.

*Virgil Yates* and *Ayers Blocher* for respondents.

*J. M. Fisher* and *John H. Haley* for appellants.

BLAND, J.—This is an action for damages founded upon fraud and conspiracy. The court sustained defendants' demurrer to plaintiffs' petition. Plaintiffs refused to plead further and judgment went against them. They have appealed.

The petition alleges that plaintiffs, on April 24, 1939, recovered a

general judgment for $903.40 against the defendant, Derby Sharpe, in the Circuit Court of Jackson County, Missouri; that said judgment became final; that on or about the month of November, 1937, said defendant and his son, the defendant, E. L. Sharpe, entered into a conspiracy to cheat, wrong and defraud the creditors of the defendant, Derby Sharpe and, particularly, the plaintiffs herein and, in furtherance of such conspiracy, agreed with each other that all of the property belonging to the said Derby Sharpe, which he had or might acquire, should be placed in the name of the defendant, E. L. Sharpe, for the purpose of making the said Derby Sharpe insolvent and that defendants would claim and pretend that it was the property of E. L. Sharpe, and also for the fraudulent purpose of placing the property beyond the reach of plaintiffs so as to prevent plaintiffs from collecting their judgment out of it; that the property of said Derby Sharpe was ample to pay all of plaintiffs' judgment, ''and that by making said fraudulent transfers . . . it would render the defendant, Derby Sharpe, insolvent, and make it impossible for the plaintiffs to satisfy their judgment out of the defendant's, Derby Sharpe, property without filing a number of suits in various states to set aside said fraudulent transfer;'' that defendants, in pursuance of said conspiracy, made transfers of property and assets of Derby Sharpe to the defendant, E. L. Sharpe. A list of the purported transfers is set out, which includes personal property and real estate located in Jackson County, Missouri, and in the States of Kansas and Texas. The value of none of this property is stated.

The petition then alleges that the exact dates of said transfers were unknown to the plaintiffs; that as a result of said transfers the said Derby Sharpe has been made wholly insolvent and the plaintiffs are unable to collect the judgment obtained. The petition claims actual damages in the sum of $903.40, for which judgment is prayed, together with interest, and for $6000 punitive damages.

Plaintiffs insist that the court erred in sustaining defendants' demurrer to plaintiffs' petition. In this connection, plaintiffs say that the petition states all of the elements of a cause of action for damages for an unlawful conspiracy and that the facts pleaded show that, by reason of the transfers of the property mentioned in the petition, plaintiffs have been and will be unable to satisfy their judgment against Derby Sharpe ''without instituting and trying many actions in many states to set aside said transfers.''

''It is a generally recognized rule that a mere general creditor, without a lien, has no such right or interest in his debtor's property as will enable him to maintain an action at law, either *ex delicto* or *ex contractu*, against a third person converting the debtor's property with the intention of aiding and assisting him to defraud his creditors. . . . The rules stated, however, do not hold in the case of a creditor who has obtained a lien.'' [See, also 11 Am. Juris., pp. 582, 583;

12 C. J., pp. 587, 588; 15 C. J. S., p. 1006; Fernandez v. LaMothe, 147 Mo. App. 644; Lamb v. Stone, 11 Pickering, 527; Wellington v. Small, 3 Cushing, 145; Austin v. Barrows, 41 Conn. 287; Field v. Siegel, 47 L. R. A. 433 (Wisc.); Gardner v. Ex. of Sherrod, 9 N. C. 173; Adler v. Fenton, 24 Howard, 407; Adams v. Paige, 7 Pick. 542; Sawyer v. Wieser, 84 S. W. 1101; Tasker v. Moss, 82 Ind. 62; Hurwitz v. Hurwitz, 31 N. Y. S. 25, 26, 27; Annotation to Schwenn v. Schwenn, 2 A. L. R. 287.]

Plaintiffs' judgment constituted a lien on all of the real estate which defendants owned in Jackson County at the time of its rendition (Sec. 1269, R. S. 1939), but it did not constitute a lien upon any of the other property mentioned in the petition. [Sec. 1343, R. S. 1939; Adler v. Fenton, *supra*, l. c. 411; Hurwitz v. Hurwitz, *supra*.]

There is no question but that, if the action of the defendants destroyed or definitely impaired the lien of plaintiffs' judgment, they are entitled to maintain this suit. [Adler v. Fenton, *supra*; Hurwitz v. Hurwitz, *supra*; Tasker v. Moss, *supra*, l. c. 65; Adams v. Paige, *supra*; Lamb v. Stone, *supra*, l. c. 536, 537; Sawyer v. Wieser, *supra*; Fullen v. Headberg, 127 Pac. 954, 955, 956 (Colo.).] But such is not the case. Under the provisions of Section 3507, Revised Statutes 1939, the transfers were "clearly and utterly void," and the judgment remained a lien upon the real estate in Jackson County in the hands of E. L. Sharpe, the fraudulent grantee, and may be enforced by execution notwithstanding the transfers. [Loinberger v. Baker, 88 Mo. 47; Slattery v. Jones, 96 Mo. 216; Woodard v. Mastin, 106 Mo. 324; Castorina v. Herrmann, 104 S. W. (2d) 297.]

We find that the petition alleges that the real estate located in Jackson County had been sold by the defendant, E. L. Sharpe, and the money from the sale placed in the bank in his name. However, there is no allegation that the purchaser from said Sharpe was without notice. [Lionberger v. Baker, *supra*.]

A conspiracy cannot be made the subject of a civil action unless something is done, which, without the conspiracy, would give rise to a right of action. To maintain an action for damages something in pursuance of the conspiracy must have been done, occasioning injury from which the damages have proximately resulted. [Bitzer v. Washburn, 121 Iowa 462, 466; Field v. Siegel, *supra*, l. c. 440; Kimball v. Herman et al., 34 Md. 407; Wellington v. Small, *supra*, l. c. 150; Austin v. Barrows, *supra*, l. c. 300; 12 C. J., p. 586; Conran v. Fenn, 159 Mo. App. 664; Darrow v. Briggs, 261 Mo. 244; Seegers v. Marx et al., 334 Mo. 632.]

Plaintiffs, in their brief, admit that they must have been damaged by the alleged unlawful agreement and the acts done in pursuance thereof, or they are not entitled to recover. However, there was no legal damage suffered, if any, insofar as is claimed in the petition.

We have examined the cases cited by the plaintiffs and find them

not in point. In Findley v. McAllister, 113 U. S. 104, the judgment was rendered worthless as a result of the conspiracy involved in that case.

Plaintiffs say they have a cause of action, in view of the provisions of Section 3440, Revised Statutes 1939. However, assuming that this statute affords a basis for a civil action, the facts alleged in the petition do not bring the case within the purview of this statute. [Fernandez v. LaMothe, *supra*, l. c. 651, 652.]

No authority has been cited by plaintiffs supporting their contention that this suit is maintainable because, otherwise, plaintiffs will be required to institute ''many actions in many states to set aside the transfers'' of the property.

The facts may be defectively pleaded but, having found that no cause, of action is stated, in any event, we have not gone into such matters. The judgment is affirmed. All concur.