# FEBRUARY, 1907.

## LILLIAN VINEYARD v. PAUL McCOMBS ET AL.

No. 1632.    Decided February 6, 1907.

**Writ of Error—Defect in Service—Practice on Appeal.**

Where the transcript in a cause taken up to the Court of Civil Appeals on writ of error is filed without legal service had on defendant in error, the proper order is, not to dismiss the writ of error, but to strike the case from the docket, leaving plaintiff free to refile his transcript after completing service. (Pp. 318–320.)

Error to the Court of Civil Appeals for the Third District, on writ of error from Travis County.

*D. McNeill Turner* and *S. R. Fisher,* for plaintiff in error.

*James & Yeiser* and *Allen & Hart,* for defendants in error.

WILLIAMS, ASSOCIATE JUSTICE.—The writ of error taken in this case from the District Court to the Court of Civil Appeals was dismissed by the latter court because the citation in error did not show legal service upon Paul McCombs, one of the defendants in error. The motion of defendants in error to dismiss set up other reasons which were not noticed in the opinion of the court. This court granted the present writ to review the order of dismissal, because it was thought that the Court of Civil Appeals erred, not in holding that the service was not good, but in concluding that this was a ground for dismissing the writ of error. The statute gives to the filing with the district clerk of the petition and bond for a writ of error the effect of perfecting it, but the record is not properly filed in the Appellate Court until there has been service of the citation in error. The correct practice has, therefore, been established by the decisions of this court to be, to strike from the docket a cause in which the record has been filed before service has been completed. This leaves a plaintiff in error free to prepare his cause for presentation by merely completing the service, while a judgment dismissing the writ of error, taken literally, would necessitate the

beginning of entirely new proceeding. (Beavers v. Butler, 30 Texas, 26; Holloman v. Middleton, 23 Texas, 538.)

We have had some trouble in determining the effect of the judgment of dismissal. It may be that the Court of Civil Appeals meant only to dismiss the cause from the docket, so as not to defeat the right which plaintiff in error had secured by filing her petition and bond, and some of our earlier reports seem to indicate that orders have been made of a like ambiguous nature. These are explained by Judge Wheeler in Holloman v. Middleton, supra, and for a long time it has been the practice in the Supreme Court to avoid all uncertainty by restricting its action to an order striking a cause thus situated from its docket. Certainty upon this point is of grave importance to the plaintiff in error, seeing that the time for prosecuting an entirely new proceeding has expired; and that, if the order under consideration should hereafter be held to have entirely dismissed her writ of error, as it purports to do, she would be remediless. The terms of the judgment are such as, if taken literally, give it this broad effect, and nothing is said in the two opinions of the Court of Civil Appeals to restrict its operation. In the motion for rehearing the attention of the court was called to the difference between an order dropping a cause from the docket for want of service and a judgment dismissing the entire proceeding, and no correction was made. In the same motion the plaintiff in error attempted to show that the service was regular and legal, and that the appearance of a defect in that shown in the record was due to the fact that a previous citation in error, with the return thereon, had been omitted from the transcript, and asked for a certiorari to bring up that paper. This the court refused to permit, on the ground that the application came too late. This might indicate that the court treated the order as a final disposition of the cause; for it would seem to be useless to drop the cause from the docket for want of service if it were shown that it was already complete. There were grounds urged in the motion to dismiss which, if they were held sufficient, would defeat the entire proceeding, and the order of the court sustained the motion generally and dismissed the writ of error. The opinion puts the action of the court upon the defect in the service alone, but neither it nor the judgment attempts to limit the effect of the dismissal. On the whole, it seems to us that if the plaintiff in error should hereafter procure service to be made, and present her cause with this judgment standing against her, she might have great difficulty in resisting the contention that it had been finally disposed of; and that, therefore, for present purposes, we should treat the judgment as having that effect, whether so intended or not.

Especially do we think it proper to remove the ambiguity shown in the earlier reports of cases in this court decided upon like motions, and to lay down definitely the rule which has long been acted upon, that the proper order to be made in a case filed in the Appellate Court upon writ of error from the District Court, when service is defective, is one striking the case from the docket, and not one dismissing the writ of error. This leaves the plaintiff in error at liberty to withdraw his transcript for further use, and to again present his cause after service has been obtained. The judgment of the Court of Civil Appeals should therefore be reversed and reformed so as to order merely that the cause

be stricken from the docket of that court. In taking this action we have thought it necessary to determine whether or not any of the other grounds of the motion to dismiss made in the Court of Civil Appeals are sufficient to sustain the judgment of dismissal, and have concluded that none of them have merit in them. As we have already indicated, it seems to us that it would be useless to even drop the cause from the docket if the plaintiff in error had succeeded, on motion for rehearing, in showing that the service had already been legally made. But, upon an examination of the citation, and the return thereon, attached to the motion, showing that McCombs was not found in Dallas County, where the petition stated his residence to be, we find that the return was not sufficient to lay the basis for service upon his attorneys of record in Travis County, in that it failed to state the diligence used to find him in Dallas County. (Rev. Stats., art. 1397.) It also appears that the citation issued to Travis County for service on the attorneys does not comply with the statutory requirement by stating that it is an alias. (Rev. Sats., art. 1397.) We therefore can not see that a legal basis for the service on the attorneys is shown, and can not hold the service to be perfect.

*Reversed and Reformed.*