AMERICAN NAT. INS. CO. v. RODRIQUEZ.

(Court of Civil Appeals of Texas. San Antonio. May 22, 1912.)

1. APPEAL AND ERROR (§ 406*)—CITATION—PLURIES CITATION—RECITALS—STATUTES.

Sayles' Ann. Civ. St. 1897, art. 1397, providing that an alias or pluries citation on a writ of error shall indicate how many previous citations have issued, is mandatory; so that such a citation, not correctly stating the number of previous citations issued, is insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2123–2127; Dec. Dig. § 406.*]

2. APPEAL AND ERROR (§ 813*)—DEFECTIVE CITATIONS—STRIKING CASE FROM DOCKET.

Plaintiffs in error having persistently tried to get into the Court of Civil Appeals, and failed, without any intentional delay, merely through negligence in failing to see that their citations and returns were in proper form, the case will not be dismissed, but merely stricken from the docket, with leave to again prosecute it on proper service.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3195; Dec. Dig. § 813.*]

Error from Bexar County Court; P. H. Shook, Judge.

Action between the American National Insurance Company and Refugia Rodriquez. There was judgment for the latter, and the former brings error. Case stricken from the docket.

See, also, 145 S. W. 654.

Kleberg & Neethe, of Galveston, and Ogden, Brooks & Napier, of San Antonio, for plaintiff in error. Ryan & Ryan, of San Antonio, for defendant in error.

MOURSUND, J. This case has been stricken from the docket of this court twice, viz., on November 22, 1911, and on March 12, 1912, each time for defects in service. Defendant in error has again filed a motion to dismiss writ of error, and again insists that plaintiff in error has been guilty of such gross negligence in the matter of procuring proper service that dismissal for want of prosecution should follow.

[1] In addition to the matters mentioned in former motions, complaint is made that the citation upon which the case is now brought before us is defective and that the return thereon is insufficient. The citation recites "two citations having been previously issued to be served upon the defendant in error."

It is admitted there were other citations issued to be served upon the attorneys of record. Article 1397, Sayles' Ann. Stat., is as follows: "If the citation is returned not executed, the clerk shall forthwith issue an alias or pluries citation, as the case may be, which shall conform to the requisites prescribed for the issuance of citation in the first instance, and shall, in addition, indicate how many previous citations have been issued." Article 1214, relating to citations in district and county courts has been held mandatory in many cases. Crenshaw v. Hempel, 130 S. W. 731; Pruitt v. State, 92 Tex. 434, 49 S. W. 366, and cases therein cited. Article 1227, relating to other process in the district and county courts, makes no provision regarding what shall be indicated by such process. Article 1391, requiring petition for writ of error to state the names and residences of the parties adversely interested, has been held mandatory, and writ of error dismissed where one out of many parties was inadvertently omitted. Weems & Waldo v. Watson, 91 Tex. 39, 40 S. W. 722.

The provision that an alias or pluries citation shall indicate how many previous citations have been issued is equally as strong as the language of the other articles referred to, and of article 1394, prescribing form and requisites of a citation upon writ of error. In fact, it is by express language made of equal importance to the requirements of article 1394. We fail to see why it should be a material matter that the number of previous citations be indicated except as a basis for the issuance of an alias or a pluries citation, and for such purpose it is immaterial whether two or four or five have been previously issued, as in each instance the next would be a pluries. In Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 546, the court held that a citation for the attorneys was defective because not stating that it was an alias citation, and therefore no legal basis for service on the attorneys was shown. It does appear very technical to require the strict compliance with a provision of the law, when the failure to comply therewith could not possibly have injured the adverse party, yet the courts will not undertake to read into the law exceptions. The failure to mention the file number of a suit in the face of a citation in the district court, though mentioned on the back, has been held to invalidate such citation, and yet the defendants were not injured by such omission. We find no case which has directly passed on this question. In the case of Morgan v. Oliver, 129 S. W. 156, it was held that under article 1397 it was not necessary for an alias citation in error to be indorsed "alias citation"; that it indicated how many previous citations had been issued, which was the only positive requirement made by said article with respect to the contents of such a citation. We are of the opinion that the citation in this case should be held insufficient in law for not stating the correct number of citations previously issued.

[2] The question then arises whether the case should be stricken from the docket under the decision of Vineyard v. McCombs, supra, or whether defendant in error is entitled to have it dismissed. We have given this matter careful consideration, and while we realize that plaintiffs in error have been very negligent in failing to see that their citations and returns were in proper form, yet they have persistently tried to get into this court, and have for the third time filed the record. It does not appear that there has been any intentional delay, but that the delay has been caused by failure to have proper citations issued and proper returns made. As suggested by defendant in error in one of his motions, errors in process and returns doubtless may occur until the same would constitute negligence equal to passive negligence in failing to have citations issued, but our courts have been very slow to dismiss as long as a party is acting in good faith and trying to get into court.

In this case plaintiff in error admits there were other citations not indicated in the last citation, but contends that it was only necessary to name those previously issued to be served upon the defendant in error, and not those to be served upon the attorneys. Defendant in error by his motion shows there is some uncertainty whether four had previously issued, or five. We do not feel authorized to hold the citation sufficient, nor do we think plaintiff in error should be deprived altogether of his appeal by reason of this character of negligence. See Bank v. Robertson, 3 Tex. Civ. App. 152, 22 S. W. 100, 24 S. W. 659.

The cause is therefore again ordered stricken from the docket with leave to withdraw transcript and briefs and to again prosecute the cause showing proper service. Vineyard v. McCombs, 100 Tex. 318, 9 S. W. 544.