## W. T. GAINER & CO. v. ROBERTS-JOHNSON & RAND SHOE CO.

(Court of Civil Appeals of Texas. Amarillo. June 15, 1912.)

APPEAL AND ERROR (§ 408*) — CITATION — SERVICE.

A sheriff's return on a writ of error, reciting that he executed the same by delivering to N., attorney for R., etc., Company, defendant in error, was fatally defective for failure to state that he delivered a true copy, and that it was delivered to the attorney "in person."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2133; Dec. Dig. § 408.*]

Error to District Court, Terry County; W. R. Spencer, Judge.

Action between W. T. Gainer & Co. and the Roberts-Johnson & Rand Shoe Company. From a judgment in favor of the latter, the former brings error. Dismissed.

G. E. Lockhart, of Tahoka, for plaintiff in error. W. D. Benson, of Lubbock, and Geo. W. Neill, of Brownfield, for defendant in error.

PRESLER, J. In this case defendant in error presents a motion, asking that this case be dismissed, because, among other matters complained of, the return of the sheriff upon the citation in error is defective, in that it does not show that George W. Neill, attorney of record, was served with a copy of said citation in error. The return in question is as follows: "Sheriff's Return. Came to hand the 4th day of December, A. D. 1911, at 4 o'clock p. m., and executed the 4th day of December, A. D. 1911, by delivering to George W. Neill, attorney of record for Roberts-Johnson & Rand Shoe Company; returned December 4, 1911. Fee serving copy, 75 cents. George E. Tiernan, Sheriff Terry county, Texas."

This return is clearly defective upon two grounds: It does not state that it delivered "a true copy" of the citation, nor that it delivered the same to said attorney "in person," as required under Revised Statutes, art. 1395. It therefore does not appear from an inspection of the record that there has been legal service upon the defendant in error; and it has been repeatedly held that until such service is affirmatively shown this court cannot take cognizance of the cause. Womack v. Slade, 23 S. W. 1002; Batey v. Dibrell, 28 Tex. 173, and authorities there cited.

The case will therefore be stricken from the docket and dismissed; and it is so ordered.