## AMERICAN NAT. INS. CO. v. RODRIGUEZ.

(Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1912.)

COURTS (§ 155*)—STATE COURTS—TEXAS—JURISDICTION OF PARTICULAR COURTS.

Judgment was rendered by the county court of Bexar, and petition for a writ of error was filed and perfected by bond prior to the creation of the county court for civil cases. The act creating such latter court provides that the new court shall have exclusive jurisdiction of all civil matters and causes, and transfers all civil cases to such new court, and directs that all civil writs and processes heretofore issued out of the county court shall be returnable to the new court. *Held*, that citation issued out of the county court, after the creation of the county court for civil cases, to perfect the writ of error was properly returnable to the new court, which tribunal had jurisdiction to issue alias or pluries citations, if the first writ showed no service; and the certificate of the transcript was properly prepared and certified by the clerk of such court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 378, 402½; Dec. Dig. § 155.*]

On motion for rehearing. Motion overruled.

For former opinion, see 147 S. W. 678.

MOURSUND, J. Defendant in error contends earnestly that the certificate to the transcript is insufficient, because signed by the county clerk of Bexar county for civil cases.

The judgment was rendered by the county court of Bexar county, and petition for writ of error filed, as also bond, prior to the creation of the county court of Bexar county for civil cases. The citation was issued after the creation of said court, and by the clerk thereof. The act creating said court does not specifically provide for the contingency which arose in this case. It provides, however, that the new court shall have exclusive jurisdiction of all civil matters and causes, with certain exceptions not necessary to mention here, and transfers all civil cases, other than those so excepted, to such new court, and further provides that all civil writs and processes heretofore issued by or out of said county court, other than pertaining to the matters excepted, be and the same are thereby made returnable to the new court. Counsel for defendant in error contends that the act creating the new court only provided for the transfer of pending cases, and, judgment having been rendered and writ of error perfected by filing bond, the new court had no jurisdiction of the case; and hence the clerk of such court could not certify to the transcript.

The act gives the new court jurisdiction over all civil matters and causes over which the county court would have jurisdiction, with certain exceptions not material to be considered. At the time the new court was created, there was pending in the old court a petition for writ of error, upon which, as has been held by this court, there was no valid service. There was still something to be done by the lower court, and required by law, viz., the issuance and service by its officers of a valid citation. It was a civil matter, and we think jurisdiction thereof was given the new court under the act creating it. This construction is sustained by the portion of the act requiring the return of all civil writs and processes theretofore issued (with the exceptions before referred to) to be made to the new court. A citation upon a petition for writ of error was process so made returnable to the new court, if issued by the old and not returned into court. Then such a citation issued prior to the creation of the new court, and not returned into the old court, would be returnable to the new court; but, according to the contention of defendant in error, the new court could not issue an alias or pluries citation in case such return showed no service, and same would have to be issued by the old court, to which the process had not been returned.

We think the act is broad enough to give the county court for civil cases jurisdiction of the case, and that all processes issued thereafter were properly issued by said clerk, and that it was his duty to prepare and certify to the transcript, after service had been obtained.

The motion for rehearing is overruled.