ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. HASSELL. (No. 7304.)†

(Court of Civil Appeals of Texas. Dallas. May 15, 1915. Rehearing Denied June 12, 1915.)

1. TRIAL ☞140—INJURY TO PASSENGER—EVIDENCE—JURY QUESTION.

In an action for personal injury to a passenger, though plaintiff, who gave the principal testimony as to his injuries, admitted that in settling a prior claim against a different railroad company he misrepresented his injuries,

his credibility is still for the jury, and a verdict for him will not be disturbed on the ground that his testimony was not sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. ☞140.]

2. APPEAL AND ERROR ☞548—BILL OF EXCEPTIONS—NECESSITY.

Assignments of error complaining of the admission of evidence cannot be considered where there is no bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞548.]

3. CARRIERS ☞321—CARRIAGE OF PASSENGERS—ACTIONS—INSTRUCTIONS.

Plaintiff claimed that as he was entering defendant's train he was thrown down the car steps by the brakeman, although he had a ticket. The defendant denied plaintiff's allegations and pleaded contributory negligence, in that plaintiff was carrying grips in both hands. The court charged that plaintiff had the right to board the train, so long as he was not interfering with other passengers, and that, if in attempting to board the train when the car steps were vacant the brakeman pushed or jostled him and he was injured, verdict should be for plaintiff. Held that, in view of the pleadings, the charge could not be held erroneous, on the ground that, at the time when plaintiff attempted to enter, the brakeman was assisting a lady and several small children, and that he prevented plaintiff from entering for that reason.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. ☞321.]

4. CARRIERS ☞321—CARRIAGE OF PASSENGERS—INSTRUCTIONS.

In view of the charge that, if other persons were ahead of plaintiff and the brakeman shoved him back, there could be no recovery for injuries which he would not have received except that plaintiff was incumbered with suit cases, a charge that though the brakeman believed plaintiff was under the influence of whisky, or plaintiff attempted to board the train while the brakeman was assisting a lady and children, yet, if plaintiff was not harming or inconveniencing them, the brakeman had no right to throw him from the steps, was not erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. ☞321.]

5. TRIAL ☞260—INSTRUCTIONS—REFUSAL.

Where the court charged, in an action by one thrown from the steps of a car which he was attempting to enter, that there could be no recovery if plaintiff attempted to enter when other persons were being assisted and for that reason the brakeman shoved or pushed him back, and he received injuries because he was incumbered with suit cases and bundles, the refusal of a request that the railroad company as a common carrier owed to its passengers entering trains the highest degree of care, and that if a lady and children were being assisted on the coach plaintiff could not recover for injuries received when he was shoved back for the protection of such passengers, was not erroneous, being covered by the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by J. P. Hassell against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

E. B. Perkins and D. Upthegrove, both of Dallas, and R. S. Neblett, of Corsicana, for appellant. Richard Mays, of Corsicana, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for personal injuries, alleging in effect that appellee having purchased at Corsicana a ticket entitling him to passage over appellant's road to the town of Dawson, and while attempting to board a train the brakeman cursed and abused him, grabbed him by the arm, and jerked him from the steps of the train, causing him to fall, injuring his back, etc. Appellant denied the allegations, and further pleaded contributory negligence, in that appellee had a grip in each hand and was unable to protect himself from injury in falling. Appellee recovered judgment for $4,025, and appellant appeals.

[1] The first assignment of error is:

"The court erred in overruling appellant's motion for new trial, because the evidence shows that the verdict rests on the testimony of plaintiff as to his injuries and the cause thereof, and the plaintiff has made such contradictory statements as to when his injuries, if any, were received, that his statements are not sufficient to sustain the verdict."

The testimony of appellee, in effect, is that several years ago he was in the service of the International Railroad and received an injury. He made a claim against said road, the settlement of which pended for about two years, when he was paid by said road the sum of $25. In testifying about the injuries then received, he showed them to be very slight. During the pendency of the settlement with the International Railroad, he, on June 12, 1904, wrote a letter to G. L. Noble, vice president and general manager of said road, about a settlement of said claim, and, among other things, said:

"I am injured for life beyond a doubt, and I can assure you that it was not any carelessness on my part that did it. I have not been able to do any work at all since I was hurt. I have been on my people ever since."

On June 19, 1904, he wrote to J. S. Flynn, an officer of the International Railroad, relative to the injuries he received, as follows:

"Now I believe I have made statement enough for the present. Hoping this may give satisfaction and that you are willing to do me right and allow me something reasonable, as I believe you will. You know this has been almost a year ago. I have waited very patiently and am not able to do a man's work yet. Now I don't think I ever will. I have been on my people all the time. Hoping this will be a satisfactory statement, and that I may hear from you soon, I am * * *"

He further stated that Mr. Bowers, superintendent of the bridge building department, told him to write to the railroad that he "was injured beyond a doubt for life, and to make it scary as I could." He further stated that "the statement to the railroad company was false, and I knew it was false when I made it." He further said:

"These letters were not sworn to. I was just trying to make a settlement with the railroad; my statement here in this case is given under oath."

Appellee on the trial of this case testified fully as to his trying to enter the railroad coach, and to the conduct of the brakeman in knocking or shoving him down, and to the injuries he received. As to his having been knocked or pushed down, several witnesses corroborated him, and a recovery did not depend alone upon his testimony. Notwithstanding his testimony that the statements made in his letters to the International Railroad official of a former injury were false and he knew it when he wrote the letters, his credibility was a question for the jury, and, the jury having by its verdict said he was entitled to recover, the verdict will not be disturbed by this court.

[2] The second, third, fourth, fifth, sixth, seventh, and ninth assignments of error all attack the evidence as insufficient to support the verdict. In this we do not concur. We are of opinion that the evidence is sufficient to support the verdict, and said assignments are overruled.

The admission of the testimony complained of in assignment 8 cannot be considered, there being no bill of exceptions to its admission contained in the record.

The tenth, eleventh, twelfth, thirteenth, and fourteenth assignments of error relate to admission of evidence. This testimony was either res gestæ, or made at a time and under circumstances rendering it legitimate. Therefore the assignments are overruled.

[3] Appellant's fifteenth assignment of error is based on the action of the court in giving appellee's eleventh special charge, which is as follows:

"You are further instructed that the plaintiff had the right in law to board said train and to make all reasonable effort to do so, so long as he was not at the time doing violence to, or hurt to, some other passenger's right to enter the train who at the time was also attempting to get aboard said train. If therefore you believe from the evidence that at the time plaintiff, Hassell, attempted to board said train, the stool and steps leading up to the car were unoccupied, and that he was making an effort to ascend the steps and get aboard the train, then you are instructed he had the right to do this, and the brakeman had no right to undertake to prevent him from doing so. And if you further believe that, in the attempt of said brakeman to prevent him from going upon said train, he was knocked or pushed down and over against the steps of the car, or other part of the train, and sustained injuries, then and in such event your verdict should be for the plaintiff."

The proposition presented by appellant is:

"The charge complained of is material and reversible error, because, even if the steps which led from the ground to the platform of the coach and the step box were unoccupied, still, if the brakeman was engaged in assisting a lady and little children on the train and had placed two of the children on the platform and was engaged in an effort to place the others on the platform, he had the right to temporarily prevent the plaintiff from coming between them, and to use such force as was necessary, even though he was not doing violence or hurt to such passengers then entering the train."

Appellee's case as made by his petition and sustained by the evidence was that plaintiff had procured a ticket entitling him to transportation, and that he went to the steps of the coach and attempted to board the train, the steps not being then occupied; that the brakeman pulled him down, causing him to fall and be injured thereby. Appellant denied plaintiff's allegations and pleaded contributory negligence, in that plaintiff was attempting to board the train with heavy grips in each hand. There was no plea of justification by appellant of the brakeman's acts on account of appellee interfering with other passengers boarding the train.

Under the circumstances, the charge stated the law. It was not on the weight of the evidence, and the assignment is overruled.

[4, 5] Assignment 16 complains of the court's action in appellee's special charge No. 12, which is as follows:

"You are further instructed that the plaintiff had the legal right to board said train, provided he did no violence to other passengers in so doing. And you are further charged that, if the brakeman believed that plaintiff was under the influence of whisky, or that plaintiff attempted to board the train while the brakeman was assisting a lady and children on the train, and you further believe that the plaintiff was not doing violence to the rights of said lady and children, and that by such act they were not placed in position of danger, harm, or inconvenience, then and in such event said brakeman had no right to assault or lay hands upon the person of plaintiff, and pull him from, or shove him away from, the steps of the car."

The proposition is:

"The charge complained of is material and reversible error, because if the brakeman reasonably believed that the plaintiff was under the influence of whisky, and that in his condition, incumbered with his grips and bundles, it was difficult for him to balance himself, and the brakeman was then engaged in assisting a lady and small children into the coach, and that the plaintiff attempted to enter between them, and the brakeman reasonably believed that they might be placed in a position of danger or inconvenience thereby, he had the right to temporarily prevent the plaintiff from entering the train at that time, and to use such force as reasonably appeared to him to be necessary for that purpose."

Also, that it was on the weight of the evidence. That it made appellant's right to interfere depend upon the fact that appellee was then doing violence or hurt to some other passenger attempting to enter the train, while it was the right of the brakeman to use necessary force if appellee was interfering or injuring other passengers.

The charge is not subject to the criticism urged by appellant. It claimed that appellee was drunk; but, even if so, the brakeman had no right to assault him unless he was interfering with other passengers.

Furthermore, the court charged the jury, at the request of the appellant, as follows:

"You are instructed that if you believe from the evidence that the plaintiff attempted to enter the passenger coach of the defendant at a time when other persons were being assisted on the train by the brakeman, and who were ahead of the plaintiff, and that, in order that these persons might be properly assisted by the brakeman on the train, the plaintiff was shoved or pushed back, and that by reason of the fact that the said Hassell had a hand grip and a suit case in his hands and a bundle under his arm, he was caused to stagger and fall and receive the injuries, if any, of which he complains, and that, but for the fact that he had the hand grip and suit case in his hands and the bundle under his arm, he would not have fallen and received the injuries, if any, of which he complains; and you further believe from the evidence that it was negligence on the part of the plaintiff, Hassell, to attempt to board the train at the time he did, and that but for such negligence he would not have been injured, if he was injured—then you will find for the defendant."

The seventeenth assignment of error complains of the refusal of the court to give requested charge as follows:

"You are instructed that the defendant railroad company as a common carrier owed the duty to its passengers while entering its train to exercise that high degree of care which very competent and prudent persons similarly situated would exercise to protect its passengers and see that they had a safe and comfortable entrance into its trains and coaches. Now, if you believe from the evidence that a lady passenger and children were being assisted by the brakeman in an entrance to the coach on defendant's train, who were ahead of the plaintiff and arrived at the entrance to the coach ahead of the plaintiff, and that the plaintiff with a grip in one hand and a suit case in the other, and a bundle under his arm, attempted to get in between said lady passenger and her children, and you further believe that the plaintiff in the exercise of ordinary care would not have so entered, or attempted to board the train at the time he did, and you further believe from the evidence that the brakeman, in the exercise of that high degree of care, as afore explained, for the protection of the lady passenger and her children, shoved or pushed the plaintiff back, and you further believe that in doing so the brakeman used no more force than reasonably appeared to him to be necessary, you will find for the defendant, although you may believe that the plaintiff, by reason of the shove or push of the brakeman, fell and received the injuries of which he complains."

We think there was no error in refusing this charge, in view of the fact that the court gave a requested charge for appellant which is quoted under the assignment just preceding in this opinion, which presented correctly the defense pleaded by appellant. Appellant did not plead in justification the acts of the brakeman in shoving or knocking the appellee down, but rested on a denial of said acts and contributory negligence of appellee. Having asked two special charges covering the defense pleaded, the court had the right to select one of them and refuse the other. Besides, the court, in his main charge and special charges given, sufficiently protected the rights of appellant under the case as pleaded and the evidence adduced.

All assignments of error not mentioned in this opinion have been duly considered; but, none showing reversible error, they are overruled.

The judgment is affirmed.