ROUNDS v. COLEMAN. (No. 1024.)

(Court of Civil Appeals of Texas. Amarillo. April 12, 1916.)

1. APPEAL AND ERROR ⊙⇒387(3)—PETITION AND BOND — FILING BEFORE ISSUANCE OF CITATION—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2089–2090, governing the bond and citation in error, the petition for writ of error and the bond for costs must be filed before issuance of the citation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2064, 2066, 2067; Dec. Dig. ⊙⇒387(3).]

2. APPEAL AND ERROR ⊙⇒396—ISSUANCE OF CITATION—SERVICE—NECESSITY.

Until citation issues for defendant in error and service thereof is had, the case is improperly filed in a Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2099, 2102, 2104, 2150; Dec. Dig. ⊙⇒396.]

3. APPEAL AND ERROR ⊙⇒382—ERROR BOND —AMOUNT.

A writ of error bond should be double the amount of the probable costs as fixed by the clerk.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2036–2041; Dec. Dig. ⊙⇒ 382.]

4. APPEAL AND ERROR ⊙⇒390—WRIT OF ERROR BOND—AMENDMENT—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1609, providing that when there is a defect of substance or form in any writ of error bond, on motion to dismiss the same for such defect the court may allow it to be amended by filing a new bond, a writ of error bond, in the amount of probable costs, as fixed by the clerk, instead of double the amount, can be amended.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2077–2088; Dec. Dig. ⊙⇒ 390.]

5. APPEAL AND ERROR ⊙⇒436—PETITION FOR WRIT OF ERROR AND BOND—TIME FOR FILING.

The filing of a petition for writ of error and an error bond gave the Court of Appeals jurisdiction, where the petition and bond were filed in one year from the date of the judgment, whether together or not.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2191, 2192; Dec. Dig. ⊙⇒ 436.]

6. APPEAL AND ERROR ⊙⇒422—STRIKING APPEAL—DEFECTIVE CITATION IN ERROR.

Where citation in error and service thereof were defective because citation issued before filing of the error bond, the Court of Appeals is authorized to strike the appeal from its docket.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149; Dec. Dig. ⊙⇒422.]

Error from District Court, Collingsworth County; J. A. Nabers, Judge.

Action between Adelia T. Rounds and S. L. Coleman. To review the judgment, Rounds brings error. On motion to dismiss. Case stricken from the docket that proper citation and service may be had.

See, also, 179 S. W. 530.

J. M. Worten, of Pawhuska, Okl., and R. H. Templeton, of Wellington, for plaintiff in error. R. H. Cocke, Jr., and J. L. Lackey, both of Wellington, for defendant in error.

HUFF, C. J. The defendant in error presents her motion to dismiss the writ of error because the citation was void in that it was issued when no bond had been filed or approved when issued, and is insufficient to give this court jurisdiction, and because the bond is not double the amount of probable costs fixed by the clerk.

[1-6] The petition for writ of error was filed January 24, 1914 (evidently meaning 1916, and it is apparent upon the record a clerical error), which seeks to review a judgment rendered April 15, 1915. Citation was issued on this judgment January 25, 1916. The return thereon shows service on S. L. Coleman, January 31, 1916. The writ of error bond was filed and approved February 5, 1916, by the clerk of the district court, in which the case was tried below. The bond is for the sum of $100. The clerk fixed the probable costs at $100. The statutes require that the petition and bond be filed before the issuance of the citation. Articles 2089–2090, Vernon's Sayles' Civil Statutes. Until there is citation and service, as required, the case would be improperly filed in this court. The bond must precede the issuance of citation. Thompson v. Thompson, 41 S. W. 679. The petition and bond are required to give this court jurisdiction. There was no such bond

filed as required, as it was not double the amount of the probable costs, as fixed by the clerk. This, however, can be amended. Article 1609, Vernon's Sayles' Civil Statutes. The clerk, it would appear, under the statute and under the authority of Thompson v. Thompson, supra, prematurely issued the citation. The filing of the petition and bond gave this court jurisdiction if the petition and bond were filed in one year from the date of the judgment. They are not required to be filed together in order to confer jurisdiction upon the appellate court, provided they are both filed within one year. Thompson v. Hawkins, 38 S. W. 236. This court, therefore, has jurisdiction, and should not dismiss the case. On account, however, of a defective citation, and the service thereof, we are authorized to strike this appeal from the dockets of this court. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544. We grant the motion in so far as we may; that is, to strike the case from the docket, so that proper citation and service may be had.