## QUEEN CITY MOTOR CO. et al. v. TEXAS AUTO SUPPLY CO.  (No. 632.)

(Court of Civil Appeals of Texas. Beaumont. March 23, 1921. Rehearing Denied April 13, 1921.)

**1. Appeal and error ☞427—Return held not to show proper service of citation in error.**

Return on citation in error, executed by delivering to L., president of T., is insufficient, it not showing what was served or how service was made, whereas Vernon's Sayles' Ann. Civ. St. 1914, art. 2092, requires that service be made by delivering to defendant in error in person a true copy of the citation, and that the return on the citation shall state how it was served.

**2. Appeal and error ☞509—It is jurisdictional that record show proper service of citation in error.**

It is jurisdictional that it appear from an inspection of the record that proper service of citation in error was made.

**3. Appeal and error ☞813—Case stricken by court of own motion for insufficient showing of citation in error.**

Though defendant in error does not appear, the court will of its own motion order the case stricken from the docket for insufficient showing of service of citation in error, the matter being jurisdictional.

Error from Jefferson County Court; D. P. Wheat, Judge.

Action between the Queen City Motor Company and others and the Texas Auto Supply Company. Judgment was adverse to the former parties, and they bring error. Case ordered stricken from docket.

C. A. Lord, of Beaumont, for plaintiffs in error.

Smith & Crawford, of Beaumont, for defendant in error.

---

O'QUINN, J. This is an attempt to bring this case before us on a writ of error from the county court at law of Jefferson county. It will have to be stricken from the docket, because the return of the sheriff upon the citation in error is defective, in that it does not show that defendant in error was served with a copy of the citation. Article 2092, Vernon's Sayles' Civil Statutes, prescribes that service of citation in error shall be made by delivering to the defendant in error a true copy of the citation. The sheriff's return is as follows:

"Came to hand the 11 day of May, 1920, at 10 o'clock a. m. and executed the 11 day of May, 1920 by delivering to Homer Liyne, Pres. of Texas Auto Supply Co.

"Returned ———, 189, —. Sterling P. Grimes, Sheriff, Tarrant County, Texas, by T. A. Rogd, Deputy.

Fees serving cop.............................. $ .75
Mileage ........................................ .25
                            ——
Total ...................................... $1.00"

This return is clearly defective, in that it does not appear therefrom what was delivered to the party named in the return, nor that same was delivered in person, nor does it appear that a copy of the citation was delivered to defendant in error by delivering to Homer Liyne, president of said company, defendant in error, in person, a true copy of said citation. It therefore does not appear from an inspection of the record that there has been legal service upon defendant in error; and it has been repeatedly held that, until such service is affirmatively shown, this court cannot take cognizance of the cause. Gainer Co. v. Shoe Co., 149 S. W. 735; Mims v. Foster et al., 177 S. W. 513.

Defendant in error has not appeared here, but the question is jurisdictional, and it follows that the case must be stricken from the docket of this court, and it is so ordered.

⬅⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes