NORTH RIVER INS. CO. v. HIPSHER et al.
(No. 6887.)

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1924.)

Appeal and error ⟲655(1) — Transcript, not containing petition for writ of error or citation showing legal service thereof, stricken from docket without prejudice.

Where transcript contained neither petition for writ of error nor citation showing service of notice thereof on defendants in error, as required by rule 1 for Courts of Civil Appeals, and no legal service was actually had on defendant, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2099, until after motion to dismiss, cause will be stricken from docket with leave to refile transcript after completing service.

Error from District Court, Coleman County; J. O. Woodward, Judge.

Action between the North River Insurance Company and George Hipsher and others, trustees. From the judgment the North River Insurance Company brings error. On motion to dismiss writ. Cause stricken from docket without prejudice to refiling.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.
Critz & Woodward, of Coleman, for defendants in error.

BLAIR, J. Defendants in error move the court to dismiss the writ of error in this cause: First, because the transcript does not contain a petition for writ of error, nor any

other proceedings showing the right of plaintiff in error to take said cause up on a writ of error as required by law; and, second, because said transcript does not contain any citation in error as required by law in such cases, and no citation in error was ever issued and served on defendants in error in said cause.

The motion is well taken, to the extent that the cause must be stricken from the docket without prejudice. Final judgment was rendered in the district court of Coleman county, Tex., on February 8, 1924. The writ of error bond was filed July 29, 1924. The transcript was filed in this court on the 25th day of October, 1924, but it does not contain either the petition for writ of error or the citation showing service of notice thereof on the defendants in error. Under these circumstances, the transcript should not have been filed.

Along with the submission of the motion to dismiss, there was submitted a motion by plaintiff in error for certiorari to perfect the record, which we have considered in connection with the motion to dismiss. Attached to this motion is the petition for writ of error, shown to have been filed on July 29, 1924, with the clerk of the district court of Coleman county, the date on which the writ of error bond was filed. No citation was issued on this petition until after the filing of the motion to dismiss in this court, when plaintiff in error caused a citation to be issued and served on the attorneys of record for defendants in error; both the issuance and service showing date of November 5, 1924, which clearly shows that the transcript was filed prematurely, no legal service having been had upon defendants in error.

Rule 1 for the Courts of Civil Appeals requires that the transcript in case of an appeal on writ of error shall show the petition for writ of error timely filed, and that citation in error has been duly served; and where it does not show these facts the case shall be dismissed. Article 2099, Vernon's Sayles' Civil Statutes 1914, provides that an appeal shall be perfected on writ of error when a bond has been filed, and previous requirements of the statutes relating to the filing of a petition for writ of error and service of notice thereof upon the defendants in error have been complied with. The statutes relating to the filing of a bond, a petition for writ of error, and the service of notice thereof on the defendants in error are mandatory.

The Supreme Court held, in the case of Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544, that where the transcript in the cause, taken up to the Court of Civil Appeals on writ of error, is filed without legal service had on the defendant in error, proper order is,

not to dismiss the writ of error, but to strike the case from the docket, leaving plaintiff free to refile his transcript after completing service.

The cause is therefore ordered stricken from the docket, with leave of plaintiff in error to withdraw the transcript and to again prosecute the cause, showing proper service. Flow v. R. R. Co. (Tex. Civ. App.) 147 S. W. 679. All other motions filed in connection with this cause are dismissed.

On motion to dismiss, cause is stricken from docket without prejudice to refile. All other motions dismissed.