## WEISENBERGER v. WEISENBERGER.
### (No. 1582.)

Court of Civil Appeals of Texas. Beaumont. Nov. 5, 1927.

On the Merits, Nov. 17, 1927.

On Motion to Dismiss Writ of Error.

1. **Appeal and error ⬅429—Defendant in error held not to waive defect in service of writ of citation in error by filing motion to dismiss and filing brief subject to motion.**

Defendant in error *held* not to waive failure of legal service of writ of citation in error by filing motion to dismiss writ of error, and filing brief, where she plainly stated that appearance was only to present motion, and brief was filed subject to motion, notwithstanding that unqualified appearance would constitute general appearance and waive defect.

2. **Appeal and error ⬅813—Proceeding in error will be stricken from docket, where return on citation in error is defective in not showing proper service (Rev. St. 1925, art. 2261).**

Proceeding in error will be stricken from docket in reviewing court, where return of officer on citation in error is defective, in that it does not show that defendant in error was served as required by Rev. St. 1925, art. 2261; it not appearing therefrom what was delivered to party named in writ, nor that same was delivered to party to be served in person, since legal service must be affirmatively shown.

3. **Appeal and error ⬅408—Return of officer on citation in error must show that copy of writ served was delivered to defendant in error in person (Rev. St. 1925, art. 2261).**

Return of officer on citation in error must under Rev. St. 1925, art. 2261, show that copy of writ served was delivered to defendant in error in person, since such statute is mandatory.

4. **Appeal and error ⬅405—Alias or pluries citation on writ of error, not correctly stating number of previous citations issued, is insufficient (Rev. St. 1925, art. 2262).**

Rev. St. 1925, art. 2262, requiring that alias or pluries citation on writ of error shall indicate how many previous citations have been issued, is mandatory, and such citation, not correctly stating number of previous citations issued, is insufficient.

## On the Merits.

5. **Pleading ⬅34(3)—On general demurrer, divorce petition should be given benefit of every reasonable intendment.**

As against a general demurrer, petition in divorce suit should be given benefit of every reasonable intendment.

Error from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Durothy Weisenberger against J. H. Weisenberger. Judgment for plaintiff, and defendant brings error. Affirmed.

O. M. Lord, of Beaumont, for plaintiff in error.

W. W. Cruse, of Beaumont, for defendant in error.

### On Motion to Dismiss Writ of Error.

O'QUINN, J. This is an attempt to bring this case before us on a writ of error from the district court of Jefferson county. When the transcript herein was filed in this court, defendant in error timely filed her motion to dismiss the writ of error for several reasons, among them that no legal service of the writ of citation in error was shown. Plaintiff in error answered this motion, insisting that defendant in error had waived the defect in service, if any, by appearing and filing the motion to dismiss. The motion to dismiss was not acted on by us, but was taken with the case, and is now before us.

[1] Plaintiff in error's insistence that defendant in error had waived the defect cannot be sustained. Defendant in error plainly states that her appearance is for the purpose only of presenting her motion, and for no other purpose. An unqualified appearance by defendant in error would constitute a general appearance and waive the defect, but such is not the case here. Defendant in error's appearance was specifically limited to the purpose of presenting the motion to dismiss, and so was not a waiver of the defect in service. When we took the motion to dismiss with the case, defendant in error filed her brief; but in same states that it is subject to her motion to dismiss, and that said motion to dismiss is not waived, but insisted on, and that the brief is subject thereto. Neither the motion to dismiss nor the filing of her brief constituted a general or unqualified appearance. Both were specifically limited, and so did not constitute a waiver. Rhoades v. Railway Co. (Tex. Civ. App.) 230 S. W. 481, 484; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544.

[2] The cause will have to be stricken from the docket, because the return of the officer upon the citation in error is defective, in that it does not show that defendant in error was

served, as required by article 2261, Revised Civil Statutes 1925. The return is:

"Came to hand the 28th day of February, 1927, at —— o'clock —— m., and executed the 3d day of March, 1927, by delivering to Durothy Weisenberger.

"Returned 4th March, 1927. T. H. Garner, Sheriff Jefferson County, Texas, by Perry Broussard, Deputy.

Fees: Serving 1 cop..$1.00
Mileage 2................ .15

Total ..............$1.15"

This return is clearly defective, in that it does not appear therefrom what was delivered to the party named in the return, nor that same was delivered to the party to be served in person. It therefore appears that there has not been any legal service upon defendant in error, and it has repeatedly been held that, until such service is affirmatively shown, this court cannot take cognizance of the cause. Gainer Co. v. Shoe Co. (Tex. Civ. App.) 149 S. W. 735; Mims v. Foster (Tex. Civ. App.) 177 S. W. 513; Queen City Motor Co. v. Texas Auto Supply Co. (Tex. Civ. App.) 229 S. W. 591.

[3] There is in the record what shows to be a carbon copy of another or later citation, issued May 21, 1927, with the return thereon. How it got into the record is not disclosed. It is placed immediately after the page on which the citation first mentioned is copied. It bears no page number of the record, and, as stated, is only a carbon copy of the writ of citation issued by the clerk of the trial court. The return on this is:

"Came to hand the 21st day of May, 1927, at 9:15 o'clock a. m., and executed the 21st day of May, 1927, by delivering to Durothy Weisenberger a true copy of this writ.

"Returned May 21st, 1927. T. H. Garner, Sheriff Jefferson County, Texas, by Homer French, Deputy.

Fees: Serving 1 copy..$1.00
Mileage 10................ .75

Total ..............$1.75"

[4] This return is also defective. It fails to show that the copy of the writ served was delivered to the defendant in error in person. This is required by article 2261 (2092), Revised Civil Statutes 1925, and is mandatory. Womack v. Slade (Tex. Civ. App.) 23 S. W. 1002; Felton v. Seeligson (Tex. Com. App.) 265 S. W. 140. Furthermore, the citation does not show whether it is the original, or an alias or pluries, nor, if an alias, how many previous citations have been issued, but appears upon its face to be the first. The record contains the original citation, which shows to have been issued February 28, 1927, while the citation under discussion shows to have been issued May 21, 1927. So that it is seen that at least one other citation in error had been issued herein previous to the one being considered. Article 2262 (2094), Revised Civil Statutes 1925, provides:

"If the citation is returned not executed, the clerk shall forthwith issue an alias or pluries citation, as the case may be, which shall conform to the requisites prescribed for the issuance of citation in the first instance, and shall, in addition, indicate how many previous citations have been issued."

This article, requiring that an alias or pluries citation on a writ of error shall indicate how many previous citations have been issued, is mandatory, and such citation, not correctly stating the number of previous citations issued, is insufficient. Insurance Co. v. Rodriquez (Tex. Civ. App.) 147 S. W. 678; Rhoades v. Railway Co. (Tex. Civ. App.) 230 S. W. 484; Queen City Motor Co. v. Texas Auto Supply Co. (Tex. Civ. App.) 241 S. W. 212.

Because this court is without jurisdiction to determine the cause on appeal, the motion of defendant in error to strike the cause from the docket is sustained, and said cause is stricken from the docket, but without prejudice to the right of plaintiff in error to perfect service in accordance with law, if he should desire to do so. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544.

### On the Merits.

For convenience we shall refer to defendant in error as plaintiff, and plaintiff in error as defendant; that being their attitude in the court below.

Plaintiff, Durothy Weisenberger, sued defendant, J. H. Weisenberger, in the district court of Jefferson county, for divorce from the bonds of matrimony, the restoration of her maiden name, and the partitioning of certain property alleged to be community property. Defendant answered by general demurrer, general denial, and specially denied the acts of cruel treatment alleged by plaintiff, and also specially denied that there was any community property owned by the parties. The case was tried to the court without a jury, and resulted in a judgment for plaintiff for divorce, the restoration of her maiden name, and a finding that there was community property, but there is no judgment disposing of the property, if such existed. The case is before us on a writ of error.

[5] The first, second, and third propositions raise the question that the court erred in overruling defendant's general demurrer to the petition for divorce. It is contended that the petition did not contain the necessary statutory averments as to citizenship and residence to give the court jurisdiction to hear the case. While inaptly worded, we think the petition, when given the benefit of every reasonable intendent, as it should be,

is good as against a general demurrer. Burt v. Burt (Tex. Civ. App.) 261 S. W. 407.

The fourth, fifth, and sixth propositions challenge the sufficiency of the evidence to support the court's finding that all the material grounds and facts pleaded for divorce were true. After careful examination of the record, we think the evidence sufficient to support the finding and judgment.

The seventh and eighth propositions attack what is termed the judgment of the court partitioning property found by the court to be community property of the parties. There is no judgment partitioning or in any manner adjudicating the rights of the parties to the property. There is quite a full finding as to certain property being the community property of plaintiff and defendant, but there is no judgment or decree in any wise disposing of same. The so-called judgment of partition consists simply of the court's findings of facts as to certain property being community property. There being no judgment as to the property, there is nothing for us to determine relative thereto.

The judgment granting the divorce is affirmed.