### Sam WILSON v. STATE.

### No. 14771.

Court of Criminal Appeals of Texas.

Oct. 21, 1931.

Alex P. Pope, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**CALHOUN, J.**

The offense is possessing intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for eighteen months.

The record is before us without a statement of facts or bills of exception. We note that the verdict of the jury finding the appellant guilty assessed his punishment at eighteen months in the penitentiary, while the sentence fixed his punishment at confinement in the penitentiary for a straight term of eighteen months. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than eighteen months, and, as so reformed, no question being presented for review, the judgment is affirmed.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

■

### W. P. BOND et al. v. KIRBY LUMBER CO. et al.

### No. 2156.

Court of Civil Appeals of Texas. Beaumont.

June 15, 1931.

Rehearing Denied July 1, 1931.

C. A. Lord and Todd & Pipkin, all of Beaumont, and John B. Warren, of Houston, for plaintiffs in error.

Andrews, Streetman, Logue & Mobley, of Houston, J. B. Forse, of Newton, and Smith, Smith, Huffman & Boyd, of Beaumont, for defendants in error.

**HIGHTOWER, C. J.**

This is a writ of error, and a motion has been made in this court by defendants in error, Kirby Lumber Company, National Surety Company, and Peavy-Moore Lumber Company, to dismiss the cause from the docket of this court because of defective service of citation in error upon defendants in error.

Upon consideration of this motion, in connection with the record, we find that there is no showing of sufficient service of citation in error upon the Peavy-Moore Lumber Company, and for that reason grant the motion of defendants in error to dismiss the cause from the docket of this court, without prejudice to any of the parties. The writ of error itself is, of course, not dismissed. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544.