### UNITED STATES FIDELITY & GUARANTY CO. v. DANIEL et al.

### No. 4217.

Court of Civil Appeals of Texas. Texarkana.

May 26, 1932.

Seay, Seay, Malone & Lipscomb, of Dallas, for plaintiff in error.

Hatchell & Campbell, Young & Stinchcomb, Bramlette & Meredith, and Lacy & Molhusen, all of Longview, and Gordon, Lawhon, Davidson & Sharfstein, of Beaumont, for defendants in error.

WILLSON, C. J.

The motion is based on facts (as appears in the record) as follows: (1) That service of the citation in error issued December 3, 1931, on defendant in error Rembert National Bank was had by delivering a copy of the writ to "J. E. Rea, Cashier"; (2) that service of said citation was had on defendant in error East Texas Theatres, Inc., a private corporation under the laws of Texas, by delivering a copy thereof to "G. R. Wiess, Mgr."; (3) that. while said citation was also to defendant in error A. F. Eggleston, it was not served on him because he was out of the county (Gregg) in which the suit was pending; (4) that another citation, issued December 11, 1931, directing service thereof on said Eggleston by delivering a copy of the writ to his attorneys of record Lacy and Molhusen, was served by delivering such a copy to "Judge Lacy, a member of" said firm: (5) that it did not appear from said last-mentioned citation whether it was an alias or pluries writ, nor "how many previous citations had been issued."

We think the motion is without merit so far as it is based on the showing above as to the defendant in error bank. It has been held that service of a citation on a bank's cashier is binding on the bank. Rosenberg v. First Nat. Bank (Tex. Civ. App.) 27 S. W. 897; Continental State Bank v. Turner (Tex. Civ. App.) 3 S.W.(2d) 503.

But we think the motion should be sustained so far as it is based on the showing as to service on the defendant in error East Texas Theatres and defendant in error Eggleston.

Said East Texas Theatres was a domestic corporation. It has been held that service of such a citation on the manager of such a corporation is not sufficient under the statute (article 2029, R. S. 1925) applicable, providing that "the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent of such company or association in the county where suit is brought, or by leaving a copy of the same at the principal office of the company during office hours." It has been held that "it [quoting] cannot be assumed or presumed that the 'manager' of said company was either the president, secretary, treasurer or local agent of said company." Tompkins Machine & Imp. Co. v. Schmidt (Tex. App.) 16 S. W. 174; Latham Co. v. Grocery Co., 54 Tex. Civ. App. 510, 117 S. W. 909.

As to the service on defendant in error Eggleston: The service being by means of an alias citation, the writ was subject to the requirement of the statute (article 2262, R. S. 1925) that it should "indicate [quoting] how many previous citations have been issued." In the issuance of the citation, the requirement was ignored. It has been held that the requirement is mandatory, and that a citation which does not comply with it is insufficient. Weisenberger v. Weisenberger (Tex. Civ. App.) 299 S. W. 915; American Nat. Ins. Co. v. Rodriquez (Tex. Civ. App.) 147 S. W. 678.

In view of the rulings made, it seems that the proper course for this court to pursue is to sustain the motion and strike the cause from its docket. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Rounds v. Coleman (Tex. Civ. App.) 185 S. W. 640. An order accordingly will be entered here.