### HARDY et al. v. CITY OF THROCKMORTON.

#### No. 1419.

Court of Civil Appeals of Texas. Eastland.

March 29, 1935.

568

Jno. Lee Smith, of Throckmorton, and Davis & Davis, of Haskell, for plaintiffs in error.

D. T. Bowles, of Breckenridge, for defendant in error.

LESLIE, Justice.

On September 28, 1934, this court overruled a motion of defendant in error, city of Throckmorton (1) to ' dismiss writ of error; (2) in alternative, to strike cause from docket; and (3) in alternative to strike transcript from the record, etc. Thereafter, on the 1st day of February, 1935, defendant in error moved a reconsideration of the above motion to dismiss, etc., emphasizing the point that the citation on the writ of error was a second citation, and that as it appears in the transcript it does not show to be an alias citation or second citation as required by law. Defendant in error cites and relies upon the opinion in U. S. Fidelity & Guaranty Co. v. Daniel (Tex. Civ. App.) 52 S.W.(2d) 108.

Article 2262, Vernon's Ann. Civ. St., prescribing the requisite of an alias citation, has been construed to mean that it is mandatory that an alias or pluries citation on writ of error indicate how many previous citations have issued, and that a citation not so stating the number of previous citations issued is insufficient. American Nat. Ins. Co. v. Rodriquez (Tex. Civ. App.) 147 S. W. 678; Weisenberger v. Weisenberger (Tex. Civ. App.) 299 S. W. 915; U. S. Fidelity & Guaranty Co. v. Daniel, supra.

■ These authorities, and the proposition of law established by them, have no application to the instant case. We are not here dealing with an alias, or pluries, citation, but with an original or first citation itself.

Heretofore, on June 8, 1934, this court, on motion of the defendant in error, struck this cause from the docket without prejudice, etc., because the record then before us disclosed that citation in error was issued on October 19, 1933, whereas the writ of error bond was filed in the court below on October 24, 1933. Article 2259, Vernon's Ann. Civ. St., provides that, "upon the filing of such petition and bond, the clerk shall forthwith issue a citation. * * *" Obviously, the clerk was not authorized to issue any citation until after the filing of the bond. His attempt to do so, in the first instance, was without authority in law, and the purported citation was a nullity. It was not the original citation contemplated by law. When the plaintiffs in error, with permission of the court, withdrew the record and had the citation in error issued subsequent to the filing of the bond, it became the first and original citation in this proceeding. This contention is overruled.

■ Upon the merits of this appeal we dispose of it as follows: The question of plaintiffs in error having filed no briefs becomes immaterial. We have examined the record, and find that the judgment must be reversed for fundamental errors. These are set out and discussed in the opinion by this court in the companion case of Hardy v. City of Throckmorton, 70 S.W.(2d) 775 (5).

Further, the instant case, and the companion suit referred to, was styled City of Throckmorton v. H. L. Hardy, et al., No. 548, in the county court of Throckmorton county. As pending there, the suit was by the city to condemn lands and complained of H. L. Hardy, D. N. Hardy, Murray Hardy, A. R. Hardy, C. H. Hardy, Winnie Hardy, and Mrs. L. H. Hardy. The county court dismissed the appeal by these defendants from the award of the commissioners. In the above companion suit of Hardy v. City of Throckmorton, in this court, H. L. Hardy alone took a direct appeal from said judgment of dismissal by the county court, [70 S.W.(2d) 775], and in the instant case (No. 1419) D. N. Hardy and all the other defendants, except H. L. Hardy, prosecute error to this court. Under these circumstances, it is evident that the effect of our judgment in the first case necessarily requires a reversal of the judgment in the instant case.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.