## UNITED STATES FIDELITY & GUARANTY CO. v. DANIEL et al.

### No. 4700.

Court of Civil Appeals of Texas. Texarkana.

June 20, 1935.

See, also, 52 S.W.(2d) 108.

Seay, Seay, Malone & Lipscomb, of Dallas, and Wynne & Wynne, of Longview, for plaintiff in error.

Hatchell & Campbell, W. H. Sanford, Conan Cantwell, Geo. Prendergast, Young & Stinchcomb, and Synnott & Cook, all of Longview, for defendants in error.

JOHNSON, Chief Justice.

May 26, 1932, on motion of defendant in error, on a former appeal, the cause was stricken from the docket of this court for want of proper service of citation in error. United States Fidelity & Guaranty Co. v. Daniel, 52 S.W.(2d) 108.

November 3, 1933, the trial judge on motion made to him, with all parties before the court, entered nunc pro tunc a judgment in the same entitled and numbered cause "in lieu of and as a correction of the judgment theretofore entered (in the trial court) dated October 12, 1931." From this last judgment of the trial court so entered on November 3, 1933, United States Fidelity & Guaranty Company has prosecuted this writ of error.

Defendant in error East Texas Theatres, Inc., again moves this court to dismiss the cause from the docket of this court on like grounds as was sustained against the former writ; namely, that citation in error issued on the 14th day of December, 1933, on defendant in error A. F. Eggleston, a resident of Gregg county, the county in which the case was tried, as shown by the returns of the officer on the writ, was not served because, "A. F. Eggleston unable to locate, out of county." Another citation issued January 24, 1934, directing service thereof on said Eggleston by delivering a copy of the writ to his attorneys of record, Lacy & Mulhusen, was executed "by serving Edwin Lacy."

It does not appear from said last citation whether it was an alias or pluries writ, nor "how many previous citations had been issued." This citation, being in fact an alias citation, was subject to the requirement of the statute, article 2262, R. S. 1925, that it should "indicate how many previous citations have been issued." In issuance of the citation this requirement was not complied with. The requirement is held to be mandatory, and a citation which does not comply with it is insufficient. United States Fidelity & Guaranty Co. v. Daniel, supra, and authorities there cited; North River Ins. Co. v. Hipsher (Tex. Civ. App.) 274 S. W. 1019; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544–546.

It also appears from the officer's return that service of the citation on the attorneys for defendant in error Eggleston is defective, in that the return failed to show that a copy of the writ was delivered to such attorney in person. R. S. art. 2261. The return reads: "Came to hand on the 24th day of January, A. D. 1934, at 10:00 o'clock A. M., and executed by delivering to the following named defendant in error, in person, a true copy of this citation, all of whom were served in Gregg County, at the following times and places, to-wit: Name: Firm of Lacy & Mulhusen, attorneys of record for A. F. Eggleston, by serving Edwin Lacy. Date: 1-24-34. Time: 1:20 P. M. Place and distance from courthouse: 1 S. Longview."

Even assuming that Edwin Lacy is a member of the firm of Lacy & Mulhusen,

which assumption is questioned, still the return does not show that a copy of the writ was delivered to Edwin Lacy in person. A similar return as that above quoted was held insufficient. American Nat. Ins. Co. v. Rodriguez (Tex. Civ. App.) 145 S. W. 654.

The motion is sustained and the cause will be stricken from the docket. Batey v. Dibrell & Bro., 28 Tex. 172; Vineyard v. McCombs, supra; Rounds v. Coleman (Tex. Civ. App.) 185 S. W. 640.