### DAVIS et al. v. BEARD et al.

#### No. 14132.

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1940.

Tom N. Cope, of Atlanta, for plaintiffs in error J. Lewis Davis and Louise A. Miles.

P. O. Beard and Huffman & Huffman, all of Marshall, for defendant in error J. A. Pipsaire.

SPEER, Justice.

J. A. Pipsaire, one of the defendants in error in the above styled cause, has filed a motion in this court to dismiss the cause from the docket because no proper service of citation on him has been had, he having made no answer or appearance waiving the issuance and service of process. His motion here is limited strictly to the purposes sought therein.

Plaintiffs in error filed their petition for writ of error on August 31st, 1939. They filed bond on September 1st, 1939. Citation in error was issued on September 2nd, 1939, to Harrison County, for service on several defendants in error, including Pipsaire. The citation concluded with this language: "Herein fail not, and of this writ make due return within ———— days from the date of issuance hereof, * * *".

The officer's return shows that the process was received on September 3rd, 1939, and was served on three of the named defendants in error on the 5th and on the

other on the 8th day of September. The return shows: "J. A. Pipsaire not in this county."

The record further shows that a citation was issued by the District Clerk of Cass County on October 10th, 1939, addressed to the sheriff or any constable of Harrison County, for service on J. A. Pipsaire, commanding the officer to make due return thereof within 60 days from the date of its issuance. The return shows that it came to hand on October 11th, 1939, and was served on J. A. Pipsaire on the same date, "By serving P. O. Beard as his attorney."

Movant claims that he lives in Gregg County, and that no process was ever issued for him to that county. His amended petition, upon which the case was tried in Cass County, filed September 19th, 1938, gives his residence as being in Gregg County. After defendants had filed pleadings, Pipsaire and others filed a supplemental petition, reciting his residence to be in Harrison County. No effort, it seems, was made to have process issued to Gregg County; from the view we take of the motion before us, it is unnecessary for us to determine whether or not sufficient diligence is shown by plaintiffs in error to have process served on Pipsaire, in person, in Gregg County.

■ It will be observed that neither of the citations issued was made returnable within 20 days after the date of their issuance, as provided by Article 2260, R.C.S., but one bore no date at all in which it was to be returned, and the other provided 60 days; each was technically in violation of the provisions of the statute cited. However, they appear to have been promptly received by the officer to whom they were addressed and executed, as far as possible, well within the 20 days provided by law. We are not inclined to hold the citations void for this irregularity. Brillhart v. Beever, Tex.Civ.App., 198 S.W. 973.

By Article 2262, R.C.S., it is provided that if the citation is returned not executed (on Pipsaire, as was done in this case), the clerk shall issue an alias or pluries citation, which process shall "indicate how many previous citations have been issued."

By Article 2263, R.C.S., provisions are made for service on defendant in error's attorney of record, when he cannot be found in the county of his residence.

The citation issued on October 10th, 1939, made no mention of previous citations having been issued, nor the number, whether alias or pluries. This process was served on "P. O. Beard, as his (Pipsaire's) attorney of record." While Mr. Beard was also a defendant in error, he is shown by the record to have been the attorney of Pipsaire also.

■ It has been held that when one or more citations have already been issued in such cases as this, the provisions of Article 2262, requiring that subsequent ones shall recite they are alias or pluries, as the case may be, are mandatory. Failure to contain such provision is fatal to the process. Weisenberger v. Weisenberger, Tex.Civ.App., 299 S.W. 915; American Nat. Ins. Co. v. Rodriquez, Tex.Civ.App., 147 S.W. 678; United States Fidelity & Guaranty Co. v. Daniel, Tex.Civ.App., 52 S.W.2d 108; Id., Tex.Civ.App., 84 S.W.2d 1079; Vineyard v. McCombs, 100 Tex. 318, 99 S.W. 544.

In the last cited case, it was held that the citation served on the attorney of record was invalid and conferred no jurisdiction on the Court of Civil Appeals because (1) the citation served on the attorney in Travis County only showed that defendant in error could not be found in Dallas County, where the petition in error alleged him to be, and did not show the diligence used to locate him in Dallas County; and (2) the citation served on the attorney did not disclose that it was an alias, as required by Article 1397 (now Article 2262).

■ Under the facts disclosed by the record, the motion will be sustained. The writ of error will not be dismissed by us, but as directed by our Supreme Court in Vineyard v. McCombs, supra, the cause as it now stands will be stricken from the docket, without prejudice to the rights of plaintiffs in error to pursue such course and remedy they may see proper, to cure the errors shown to exist in the citations. It is so ordered.