## WIDOW VINOT *v.* CELESTE BERTRAND, f. w. c.

Where the appellant has used due diligence to cite the appellee, but has been unable to do so within twelve months, in consequence of the acts of the appellee, the time within which appeals are to be taken does not run.

The acts of April 14th, 1807, and March 20th, 1809, concerning the harboring or concealing of runaway slaves, do not authorize the recovery of the penalties therein imposed, unless there has been a criminal concealment or hiring of the slave.

Where the defendant has leased a room to a runaway slave having a forged pass or permit, such defendant is responsible for the expenses of the recovery of the slave and for the value of the services of the slave during the time.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *J. Bermudez*, for plaintiff. *V. H. Ivy*, for defendant. The judgment of the

court *(Preston,* J., not sitting in the case, having been of counsel) was pro- nounced by

Rost, J. The motion to dismiss in this case, on the ground that more than one year elapsed from the rendition of the judgment to the day of the service of the citation of appeal, must be overruled. The plaintiff used due diligence in trying to ascertain the residence of the appellee, but the various attempts she made to discover it were frustrated by the acts of the appellee herself. Under those circumstances the limitation of one year cannot be invoked by her.

On the merits, this case does not differ from that of *Roquet* v. *Richardson,* 3 L. R. 452. In this case, as in that, the record does not establish such criminal concealment or illegal hiring of the slave of the plaintiff by the defendant, as will subject the said defendant to the penalties of the acts of 1807 and 1809. Moreau's Digest, p. 119, 120.

The petition contains a claim for the sums expended in the recovery of the slave, and also a prayer for general relief.

We are of opinion that the forged pass which the slave showed the defendant, when she hired a room from her, is not sufficient to protect her against this portion of the claim. She should have made inquiry and ascertained whether the pass was genuine.

There is no satisfactory proof of the value of the services of the slave. But it is shown she cost $500, and we cannot err in allowing as damages legal interest on that sum during the time she occupied a room in the defendant's house.

The plaintiff is also entitled to recover three dollars for the taking up of the slave, under the act of 1848. Sess. Acts, p. 166.

It is therefore ordered, that the judgment in this case be reversed, and that there be judgment in favor of the plaintiff for seventeen dollars; with costs in both courts.