## AMERICAN NAT. INS. CO. v. RODRIGUEZ.

(Court of Civil Appeals of Texas. San Antonio. March 13, 1912. Rehearing Denied April 3, 1912.)

1. APPEAL AND ERROR (§ 409*)—WRIT OF ERROR—JUDGMENT OF DISMISSAL—GROUNDS.

A motion to dismiss a writ of error on grounds going to the manner of the service of the citation in error cannot be sustained further than to strike the case from the docket, with leave to again prosecute the case on proper service.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2134; Dec. § 409.*]

2. APPEAL AND ERROR (§ 408*)—CITATION—SERVICE—SUFFICIENCY.

A return on pluries citation on writ of error which recites a delivery to the within named defendant in person of a true copy of the citation, "as follows," followed by the name of a third person, date, and place, is insufficient, though the third person is one of the attorneys of defendant, since the return does not show that a copy of the writ was delivered to him in person.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2133; Dec. Dig. § 408.*]

3. APPEAL AND ERROR (§ 407*)—WRIT OF ERROR—SERVICE OF CITATION—LACHES.

The record on writ of error to review a judgment obtained November 9, 1910, was filed in the court on appeal April 6, 1911. A motion to dismiss was filed November 13th. On November 22d the court on appeal struck the case from the docket, with leave to plaintiff in error to again prosecute the cause showing proper citation. Alias citation issued on November 14th, was filed November 18th, and on November 23d pluries citation was issued and served on one of the attorneys. Held, that the writ of error would not be dismissed on the ground of laches, since defendant in error contributed to the delay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2120, 2128–2132; Dec. Dig. § 407.*]

4. NAMES (§ 16*)—CITATION—SERVICE—IDEM SONANS.

The names "Refugia R." and "Refugio R." are idem sonans, and a writ of error to review a judgment obtained by "Refugia R." will not be dismissed because the petition and citation described her as "Refugio R."

[Ed. Note.—For other cases, see Names, Cent. Dig. §§ 12–14; Dec. Dig. § 16.*]

Error to Bexar County Court; Phil H. Shook, Judge.

Action between Refugia Rodriguez and the American National Insurance Company. There was a judgment for the former, and the latter brings error. Case stricken from the docket.

Kleberg & Neethe, of Galveston, and Ogden, Brooks & Napier, of San Antonio, for plaintiff in error.

MOURSUND, J. This is a motion by defendant in error, Refugia Rodriguez, to dismiss the writ of error in this case for various reasons.

It appears that the judgment is in favor of Refugia Rodriguez and the petition for writ of error describes the defendant in error as "Refugio Rodriguez," and all citations issued so describe her, but the return of the officer describes her as "Refugia Rodriguez." The judgment was obtained on November 9, 1910. Petition for writ of error filed January 17, 1911, and bond filed and approved the same day. Citation styled "alias citation" was issued November 14, 1911. It does not recite the issuance of any previous citation. Said citation was filed November 18, 1911, with following return thereon: "Refugia Rodriguez not found after diligent search. Also went to her Attys., Ryan & Ryan for her address. J. B. Ryan of the firm Ryan & Ryan told me they knew where she lived but would not give me the address." On November 23, 1911, pluries citation issued, reciting that the return on the citation issued November 14, 1911, shows that defendant in error, "Refugia Rodriguez," after diligent search, cannot be found in the county, and commands that the defendant in error, "Refugio Rodriguez," be summoned by making service upon her attorneys of record, Messrs. Ryan & Ryan, to appear before our Court of Civil Appeals of the Fourth Supreme Judicial District within 60 days from the date of service of the writ at

the March term of said court. The sheriff's return on the pluries citation reads as follows: "Came to hand on the 23d day of Nov. 1911 at 11 o'clock' a. m. and executed in Bexar county, Texas, by delivering to the within named defendant, in person, a true copy of this citation (together with the accompanying certified copy of the plaintiff's petition) on the dates and at the places hereinafter set forth, as follows: J. B. Ryan, Nov. 23, 1911 3 p. m., San Antonio."

Defendant in error, in the motion to dismiss writ of error, makes the following contentions: (1) That defendant in error has not been cited in person, and that citation through attorneys is not authorized because the return on the alias citation does not specifically state that she cannot be found in the county. (2) That the return on the pluries citation is not intelligible, and does not show service on either the defendant or the attorney of record in person. (3) That it is fatally defective in being made returnable to the March term of court. (4) That the citation does not state that the writ of error and supersedeas has been granted. (5) That plaintiff in error is guilty of laches, and its demand is stale because it has been negligent in enforcing its right. (6) That the court did not obtain· jurisdiction within the time limit prescribed by article 1389, Rev. St. 1895, (7) That petition for writ of error and citations are not sufficient because in describing the judgment the Christian name of defendant in error is given as "Refugio",, instead of "Refugia."

[1] The first, four reasons go to the manner of the service and the sustaining of same would require that the case be struck from the docket, but would not authorize a judgment dismissing the writ of error. Thompson v. Anderson, 82 Tex. 237, 18 S. W. 153; Vineyard v. McCombs, 100 Tex. 318,·99 S. W. 544.

[2] We are of the opinion that the second objection is well taken. Even assuming that J. B. Ryan is a member of the firm of Ryan & Ryan, still the return does not show that a copy of the writ was delivered to him in person. Poole v. Mueller et al., 26 S. W. 739.

[3] It appears from the records of this court that this case was first filed in this court on April 6, 1911, that a motion to dismiss writ of error was filed November 13, 1911; that on November 22, 1911, this court entered an order striking the case from the docket with leave to plaintiffs in error to withdraw transcript and briefs and to again prosecute the cause, showing proper citation; that alias citation was issued by clerk below on November 14, 1911, which was filed November 18, 1911, and that on November 23, 1911, pluries citation was issued and served upon J. B. Ryan of the firm of Ryan & Ryan. While there has been considerable delay, and a great deal of negligence with regard to the citations, yet in view of the fact that the record was first filed in this court on April 6, 1911, and no motion to dismiss filed until November 13, 1911, we think that defendants in error have contributed to the delay, and we are not satisfied that the negligence has been of such a character as would warrant the ·dismissal of the writ of error. All doubts should be resolved in favor of giving the right of appeal.

[4] The sixth contention is not well taken, nor do we feel authorized to dismiss the writ of error on account of the use of the ·name "Refugio" instead of "Refugia" in the petition and citations. While one is intended for a male and the other for a female, yet the sound is so similar when pronounced as they ordinarily are that we consider them idem. sonans. The defendant in error has not been misled in any way by the variance, and the courts are becoming more liberal regarding the doctrine of idem sonans to conform to the growing rule that a variance to be material must be such as misled the opposite party to his injury. Lyne v. Sanford, 82 Tex. 63, 19 S. W. 847, 27 Am. St. Rep. 852; Ogden & Johnson v. Bosse, ·86 Tex. 343, 24 S. W. 798; Hanaford v. Morton, 22 Tex. Civ. App. 588, 55 S. W. 987; Ex parte Holland, 53 Tex. Cr. R. 301, 108 S. W. 1181; G., H. & S. A. Ry. Co. v. Daniels, 1 Tex. Civ. App. 700, 20 S. W. 955.

Because of the insufficiency of the return on the pluries citation, this cause will be stricken from the docket with leave to withdraw transcript and briefs, and to again prosecute the cause showing proper service. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544.