SOLÁ, INTERVENOR-APPELLANT, *v.* ALEJANDRO, PLAINTIFF (HEIRS OF BOSTICK, DEFENDANT-APPELLEES).

ROJOS, INTERVENOR-APPELLANT, *v.* ALEJANDRO, PLAINTIFF (HEIRS OF BOSTICK, DEFENDANT-APPELLEES).

APPEALS from the District Court of Humacao in Actions of Intervention.

Nos. 2375 and 2376.—Decided January 14, 1921.

APPEAL—NOTICE—SERVICE—RESIDENCE.—An averment that ''for a long time prior to the trial of the action the appellee was domiciled in Gurabo'' does not negative a *prima facie* case that the said appellee was living in Caguas when an attempt was made to serve her with notice of the appeal.

ID.—ID.—ID.—ID.—When an appellant has twenty days or less within which to serve notice of an appeal and the appellee purposely puts it out of the power of the appellant to find her, *Quaere*: Whether she is not estopped to deny her residence in the place where she attempted to conceal herself.

The facts are stated in the opinion.

*Mr. J. Vendrell* for the intervenor-appellants.

*Messrs. V. F. Rodríguez* and *J. Martínez Dávila* for the plaintiff and defendant-appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Motion in each case to dismiss the appeal for identically the same reasons and based upon substantially the same affidavits. It being necessary to notify the mother of a child, the real party to a suit, of the appeal taken in this case, the appellee maintains that the notice of appeal was improperly served, inasmuch as the notice was mailed in Caguas and not to Gurabo, where the said mother lived.

*Prima facie,* the affidavits of service show that the said mother lived in Caguas and that the appellant did not know her present house address. The affidavit of the mother in support of the motion to dismiss is as follows:

"I, Juana Alejandro Morales, solemnly swear:

"That I am the mother and sole legal representative of Abigail Bostick Alejandro, defendant in this case.

"That I have not been declared in default in this action.

"That for a long time prior to the trial of the action of intervention herein I was domiciled in Gurabo, and this fact was generally known.

"That there is a regular mail service between the city of Caguas and the town of Gurabo in which I reside.

"That from the date of the trial up to the present I have received from the plaintiff no notice of the appeal which they allege they have taken from the judgment, notwithstanding the means of communication existing between this city and Gurabo."

The other affidavit was of a certain Gonzalo López, who was asked by the process server of the appellant if Juana Alejandro, the mother aforesaid, lived at the house of said Gonzalo López, and that he told the said process server that at that date she had her well-known domicil in the city of Gurabo in the house of a sister.

The appellant, in answer to the affidavits of the appellee,

filed a number of affidavits of his own. From these affidavits it sufficiently appears that at the time the process server attempted to serve Juana Alejandro, she was actually concealed in a closet in the house of the aforesaid Gonzalo López and could not be found. It appears from the affidavit of the attorney of the appellant that when he personally tried to see the said mother of the infant there was a scurrying in the household as he approached the house, but that he failed to find the said Juana Alejandro, the house of Gonzalo López being located in Caguas, in which town the notice was mailed. It also sufficiently appeared from the affidavits that as soon as the time fixed by the law to serve the said Juana Alejandro had expired she was freely seen on the streets of Caguas where the affiant swears that she had her then residence. The affidavits tend to show that the said Juana Alejandro, both before and up to the time of the attempts to serve her and also at the time of the mailing of the notice, had her residence in Caguas.

We are disposed to believe the affidavits of the appellant, which is our primary reason for overruling the motion to dismiss presented in this case.

Moreover, there was a *prima facie* case made out which stated that Juana Alejandro lived in Caguas. The only countervailing affidavit is the one presented by Juana Alejandro herself, as Gonzalo López only said that he told the lawyer for the appellant that Juana Alejandro lived in Gurabo. The said affidavit of Juana Alejandro herself is, to say the least, ambiguous. It does not distinctly say, as it should, that at the time this notice by mail was sent she was living in Gurabo, but only that for a long time previous to the "celebration" of the suit in this case she was living in Gurabo. *Non constat* that Juana Alejandro had her residence in Caguas at the time the notice by mail was sent. *Non constat* by reason of the ambiguity that Juana Alejandro may have been living in Caguas at the time and immediately

before this suit, inasmuch as, while the words *"desde mucho tiempo antes de la celebración"* frequently mean for a long time previous to the celebration and up to the time thereof, they are also capable of meaning a period previous to the said celebration, leaving a gap in between. If, in point of fact, Juana Alejandro had been living in Caguas at the time of the celebration of the trial and for a short time before, no court and certainly no jury would convict her of perjury if it was shown as a matter of fact that she was living in Caguas for a short time before the trial and a considerable number of days thereafter. There was, however, no oath on her part that she was a resident of Gurabo at the time the notice of appeal was attempted to be served on her.

We also question, although we do not directly decide, when a person tries to evade the service of process and procures that other persons should deny her presence in a house and gets them to help her to conceal herself in the said house, whether she is not estopped to deny her residence in the place where she attempted to conceal herself and lay hid. See in this regard *Widow of Vinot v. Celeste Bertrand,* 6 La. Ann. 474; *Moyle v. Landers,* 78 Cal. 106; *American National Inc. Co. v. Rodríguez,* 145 S. W. 654. *Smythe v. Boswell,* 20 N. E. 263, is also interesting as showing powers of court where fraud of appellee prevented perfection of appeal.

Where an appellant has twenty days or less within which to serve an appeal and the appellee purposely puts it out of the power of the appellant to find her, the law not requiring impossibilities, the principle of estoppel which we have suggested would be strengthened.

The motions in each case must be

*Overruled.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.