SOLÁ, TERCERISTA-APELANTE, *v.* ALEJANDRO, EJECUTANTE, Y SUCESIÓN DE LUTHER R. BOSTICK, EJECUTADA-APELADA.

ROJAS, TERCERISTA-APELANTE, *v.* ALEJANDRO, EJECUTANTE, Y SUCESIÓN DE LUTHER R. BOSTICK, EJECUTADA-APELADA.

APELACIONES procedentes de la Corte de Distrito de Humacao en pleitos sobre tercería de bienes muebles.

Nos. 2375 y 2376.—Resueltos en enero 14, 1921.

APELACIÓN—ESCRITO DE APELACIÓN—NOTIFICACIÓN—RESIDENCIA.—La alegación de que por mucho tiempo antes de la celebración del juicio la apelada tenía su residencia en Gurabo no niega el caso *prima facie* de que dicha apelada se encontraba viviendo en Caguas al tratarse de notificarle el escrito de apelación.

ID.—ID.—Cuando un apelante tiene veinte días o menos dentro de los cuales deberá notificar una apelación y la apelada intencionalmente hace que sea imposible para el apelante el poderla encontrar, *quaere:* Si no está ella impedida de poder negar su residencia en el sitio donde trató de ocultarse.

Los hechos están expresados en la opinión.

Abogado del tercerista-apelante: *Sr. J. Vendrell.*

Abogados de la ejecutante y de la sucesión apelada: *Sres. V. F. Rodríguez y J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En cada uno de estos casos se ha presentado una moción para que la apelación sea desestimada, idénticamente por las mismas razones, y fundada sustancialmente en los mismos *affidavits.* Siendo necesario notificar a la madre del menor, verdadera parte interesada en el pleito, de la apelación interpuesta en este caso, la apelada sostiene que el escrito de apelación fué indebidamente notificado, puesto que la notificación por correo fué enviada en Caguas y no a Gurabo, donde vivía la madre.

Aparece *prima facie* de los *affidavits* de notificación que la madre vivía en Caguas y que el apelante no sabía su actual dirección local. La declaración jurada (*affidavit*) de la madre para sostener la moción de desestimación es como sigue:

"Yo Juana Alejandro Morales, juro solemnemente:

"Que soy la madre y única representante legal de Abigail Bostick Alejandro, demandada en este caso;

"Que no he sido declarada rebelde en esta acción;

"Que desde mucho tiempo antes de la celebración del juicio de tercería de este asunto, tenía mi domicilio y públicamente conocido en el pueblo de Gurabo;

"Que entre la ciudad de Caguas y el pueblo de Gurabo, punto de mi residencia, existe un servicio regular de correos;

"Que desde la celebración del juicio hasta el día de hoy no he recibido notificación alguna del demandante en que se haya notificado la apelación que dicen haber interpuesto contra la sentencia, no obstante las facilidades que para ello existen entre esta ciudad y Gurabo."

El otro *affidavit* era de cierta persona llamada Gonzalo López a quien le preguntó el encargado por el apelante para hacer la notificación, si Juana Alejandro, o sea la referida madre vivía en la casa de dicho Gonzalo López, quien contestó al interrogante que en esa fecha ella tenía su domicilio conocido en el pueblo de Gurabo en la casa de una hermana de ella.

El apelante en contestación a los *affidavits* de la apelada presentó varios *affidavits* suyos. Aparece suficientemente de estos *affidavits* que en la fecha en que el encargado de hacer la notificación trató de notificar a Juana Alejandro, ella realmente permanecía oculta dentro de un ropero en la casa de dicho Gonzalo López, y no podía encontrársele. Aparece del *affidavit* del abogado del apelante que cuando él trató personalmente de ver a la susodicha madre de la menor hubo cierto movimiento en la casa cuando él se acercaba a ésta, pero que no encontró a dicha Juana Alejandro, por estar en Caguas la casa de Gonzalo López, a cuyo pueblo fué enviada la notificación por correo. También aparecía suficientemente de los *affidavits*, que tan pronto el término fijado por la ley para notificar a dicha Juana Alejandro había vencido, se le vió a ella andar libremente por las calles de Caguas donde el declarante jura que tenía entonces su resi-

dencia.   Los *affidavits* tienden a demostrar que la indicada Juana Alejandro tanto antes como hasta la fecha en que se hicieron las tentativas para notificarla y también cuando se puso en el correo la notificación, tenía su residencia en Caguas.

Estamos dispuestos a dar crédito a los *affidavits* del apelante, siendo esta la primera razón que tenemos para declarar sin lugar la moción de desestimación presentada en este caso.

Además, se probó un caso *prima facie* del que aparecía que Juana Alejandro vivía en Caguas.   El único contra-*affidavit* es el presentado por la misma Juana Alejandro, pues Gonzalo López solamente manifestó que él había dicho al abogado del apelante que Juana Alejandro vivía en Gurabo. El referido *affidavit* de la propia Juana Alejandro, por lo menos es ambiguo.   No expresa distintamente como debiera que en la fecha en que fué enviada por correo esta notificación ella vivía en Gurabo, sino solamente que desde mucho tiempo antes de la celebración del juicio en este caso se encontraba vivienda en Gurabo.   *Non constat,* debido a la ambigüedad, que Juana Alejandro haya estado viviendo en Caguas en fecha inmediatamente anterior a este pleito, pues mientras las palabras ''desde mucho tiempo antes de la celebración,'' frecuentemente quieren decir por mucho tiempo antes de la celebración y hasta la fecha de la misma, pueden también significar un período anterior a dicha celebración, dejando un espacio de tiempo intermediario.   Si en realidad de verdad Juana Alejandro había estado viviendo en Caguas en la fecha de la celebración del juicio y por poco tiempo antes, ninguna corte y ciertamente ningún jurado la declararía culpable de perjurio si se demostrara como hecho positivo que vivía en Caguas poco tiempo antes del juicio y por un número considerable de días después.   No hubo sin embargo, ningún juramento por su parte de que fuera residente de Gurabo en la fecha en que trató de hacérsele la notificación del escrito de apelación.

Dudamos también, aunque no lo resolvemos directamente, que cuando una persona trata de eludir el servicio de notificación y procura que otras personas nieguen su presencia en una casa valiéndose de ellas para que le ayuden a ocultarse en dicha casa, si tal persona está o no impedida de poder negar su residencia en el lugar donde trató de esconderse y permaneció oculta. Véase en cuanto a esto los casos *Widow of Vinot* v. *Celeste Bertrand,* 6 La. Ann. 474; *Moyle* v. *Landers,* 78 Cal. 106; *American National Ins. Co.* v. *Rodríguez,* 145 S. W. 654. El caso *Smythe* v. *Boswell,* 20 N. E. 263, es también interesante por mostrar las facultades de la corte cuando el fraude del apelado impedía que se perfeccionara la apelación.

Cuando un apelante tiene veinte días o menos dentro de los cuales ha de notificar una apelación y el apelado intencionalmente hace que el apelante no pueda encontrarla, no exigiendo la ley imposibilidades, el principio de impedimento (*estoppel*) que hemos sugerido quedaría robustecido.

Las mociones en cada uno de estos casos deben ser declaradas sin lugar.

*Negada la desestimación solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.